The STATE of Missouri ex rel. Lois L. KLAYMAN, et al., Plaintiffs-Appellants,

v.

Robert P. BAINE, Jr., et al., Defendants-Respondents.

No. 43243.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 25, 1981.

Donald S. Singer, Clayton, for plaintiffs-appellants.

Alan C. Kohn and Terry Lueckenhoff, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, for defendants-respondents.

SNYDER, Judge.

Appellants, a citizen's group known as the "University City Citizens Against Unfair Taxation", sought a writ of mandamus in the circuit court of St. Louis County to compel the officials of the City of University City and the St. Louis County Board of Election Commissioners to place an initiative measure on the ballot. The circuit court issued its alternative writ. After an evidentiary hearing, the alternative writ was quashed. The appeal is from the judgment quashing the writ. The judgment of the circuit court is affirmed.

Appellants submitted an initiative petition to the City of University City containing the signatures of more than 10 percent but less than 15 percent of the registered voters in the last regular municipal election in University City. The proposed ordinance in the initiative petition would have prohibited the imposition by University City of a gross receipts tax on persons or corporations providing electricity, telephone, gas or water services to the city residents. At the time the petition was submitted, ordinances of University City imposed a 9 percent gross receipts tax on electric, gas, telephone, telegraph and water service companies.

The city clerk certified that the petition was insufficient because it was not an initiative petition but instead was a referendum which failed to comply with the city

charter requirements because it was not timely filed within 15 days of the enactment of the taxing ordinances which the petition sought to repeal, had not been signed by at least 15 percent of the registered voters at the last regular municipal election, and sought to repeal tax ordinances specifically exempted from the referendum power. The trial court concluded that the petition was a referendum petition, not timely filed and not signed by at least 15 percent of the registered voters and was therefore invalid under the city charter.

This court agrees. Section 73 [1] of the charter permits the proposal by initiative of any ordinance except an ordinance appropriating money or authorizing the levy of taxes. An initiative petition must contain the signatures of at least 10 percent of the registered voters in the last regular municipal election. Section 74 [2] of the charter provides for a referendum on any ordinance passed by the council except ordinances for the issuance of bonds and the levy of taxes. A referendum must contain 15 percent of the registered voters in the last regular municipal election.

The petition submitted by the appellants was a referendum rather than an initiative petition. It was submitted to the city on November 15, 1979 and sought to repeal indirectly ordinances passed on June 25, 1979 which imposed a 9 percent gross receipts tax on utilities. Referendum petitions, in addition to requiring the signatures of 15 percent of the registered voters at the last regular municipal election, must also be filed within 15 days after the enactment of the challenged ordinance. The signature and time requirements were not met by appellants.

Appellants argue that their petition was an initiative petition because it establishes a new policy for University City by initiating reforms in the city's licensing practices. Not so. The indirect effect of the ordinance proposed by the petition would be the repeal of the ordinances which were passed on June 25, 1979 and which imposed the gross receipts tax on utilities. Appellants could not by referendum challenge an ordinance for the levy of taxes because of Section 74 of the city charter. They are attempting to do by indirection that which they cannot do directly. *See State ex rel. Powers v. Donahue*, 368 S.W.2d 432, 439 (Mo. banc 1963); *Myers v. City Council of City of Pismo Beach*, 241 Cal.App.2d 237, 50 Cal.Rptr. 402 (1971).

It is unnecessary to discuss the other two points raised by appellants concerning the city budgeting procedures and the scope of the initiative process.

The trial court did not err in the declaration or application of the law.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

1. Section 73 of the University City charter reads:
"The electors shall have the power to propose any ordinance, except an ordinance appropriating money or authorizing the levy of taxes, unless otherwise provided by state law, such power being known as the initiative. Any initiated ordinance may be submitted to the Council by a petition signed by qualified electors of the city equal in number to at least ten percentum of the registered voters at the last regular municipal election."

2. Section 74 of the University City charter reads:
"The electors shall have the power to approve or reject at the polls any ordinance passed by the council, or submitted by the council to a vote of the electors, excepting ordinances for the issuance of bonds and the levy of taxes as herein provided, such power being known as the referendum. Ordinances submitted to the council by initiative petition and passed by the council shall be subject to the referendum in the same manner as other ordinances. Within fifteen days after the enactment by the council of any ordinance which is subject to a referendum, a petition signed by qualified electors of the city equal in number to at least fifteen percentum of the registered voters at the last regular municipal election may be filed with the city clerk, requesting that any such ordinance be either repealed or submitted to a vote of the electors."