STATE ex rel. ST. LOUIS REGIONAL HEALTH CARE CORPORATION, et al., Relators-Respondents,

and

The City of St. Louis, Intervenor/Relator-Respondent,

v.

Jerry WAMSER, et al., Respondents-Appellants,

and

Committee of Petitioners, et al., Intervenors/Respondents-Appellants.

Nos. 51985, 51986.

Missouri Court of Appeals, Eastern District, Division Two.

July 28, 1987.

Motion for Rehearing and/or Transfer Denied Sept. 2, 1987.

Charles R. Oldham, St. Louis, for appellants.

Charles A. Weiss, for respondent.

Julian Bush, St. Louis, intervenor.

SMITH, Presiding Judge.

This is an appeal from a permanent writ of prohibition issued against the St. Louis City Board of Election Commissioners precluding it from certifying to the Board of Aldermen the sufficiency of petitions of initiative concerning a "Proposition 1." The Committee of Petitioners intervened as respondents below and the City of St. Louis intervened as relators. Both Regional Health Care and the City have filed briefs here; only the Committee has filed a brief challenging the order of the trial court. We affirm.

In September 1985, the Board of Aldermen of the City passed Ordinance 59532, and it was signed by the mayor. That ordinance authorized the City to enter into

a contract with Regional for Regional to provide health care services to citizens of St. Louis. This was to replace the previous delivery of such services directly by the City. The ordinance contained an emergency clause making it immediately effective. The contract was entered into shortly after the ordinance was signed by the mayor. Subsequent thereto Regional purchased a hospital at 5535 Delmar and has operated that hospital pursuant to the contract along with several clinics leased from the City. On February 28, 1986, the Committee of Petitioners submitted to the Election Board two petitions delineated as Proposition 1 and Proposition 2. These were signed by a number of registered voters of the City. On March 14, 1986, the Election Board determined that an inadequate number of signatures under the City Charter had been obtained to require certification to the Board of Aldermen. A supplemental period of time was granted to obtain the requisite signatures. Additional signatures were obtained within that time and the Election Board found 11,945 valid signatures on Proposition 1 and 12,066 on Proposition 2. The Election Board determined that 11,659 signatures were necessary to meet the five percent initiative requirement of the City Charter. It announced its intention to certify the propositions to the Board of Aldermen. Regional then sought a writ of prohibition against the Election Board to prevent such certification and following a hearing a permanent writ issued preventing certification of proposition 1.[1] The trial court filed an opinion setting forth its reasons for issuance of the writ. The opinion set forth a multitude of grounds. We need deal with only one.

At the outset we can state that Proposition 1 is at best confusing. We have attached it as an appendix to this opinion. By its language it appears to call for an election to determine whether an election should be held. The second election would be to determine whether the ordinance set forth in Proposition 1 is to be passed. Whether this double election was in fact

intended by the Committee or was simply the result of bad draftsmanship or misunderstanding of the charter provisions is intriguing but unnecessary of resolution. Proposition 1 is not an initiative at all, but rather a referendum and as such fails to comply with either the time limitations or the requisite signatures provisions of the charter.

The Charter of the City of St. Louis sets out with considerable precision the differences and procedures for initiative and referendum. Charter, Art. V and VI. In Sec. 1 of article V the following appears:

"The people shall have power, at their option, to propose ordinances, including ordinances proposing amendments to this charter, and to adopt same at the polls, with the same effect as if adopted by the board of aldermen and approved by the mayor, *such power being known as the initiative.* It shall be exercised as hereinafter provided, subject to the provisions of this charter. (Emphasis supplied).

The subsequent provision of that Article requires that the petition be signed by five per cent of the registered voters. No time limit is provided for the obtaining of the required signatures.

Sec. 1, Article VI provides:

"The people shall have power, at their option, to approve or reject at the polls any ordinance (except it be an emergency measure as defined in Sec. 20 of Article IV), *such power being known as the referendum* and to be invoked and exercised as herein provided." (Emphasis supplied).

The subsequent section provides the procedure to be followed in a referendum. It requires that within 30 days of the approval by the mayor of an ordinance (not an emergency measure) a petition must be filed with the Election Board containing signatures of two per cent of the registered voters. This thirty day provision matches the charter provisions for the ef-

---

**1.** The parties agreed to a stay order on Proposition 2 which is still in effect. That proposition

is therefore not before us.

fective date of non-emergency ordinances. If that initial time frame is met the ordinance does not take effect. The Election Board has ten days thereafter to determine if in fact the requisite signatures have been obtained. If not, the ordinance immediately goes into effect. If so, then an additional period of thirty days is allowed to obtain sufficient additional signatures to equal seven per cent of the registered voters. If those signatures are not obtained the ordinance takes effect. If the requisite number are obtained then the matter is submitted to the Board of Aldermen for reconsideration of the ordinance and upon failure of the Board to reject the ordinance the ordinance is submitted to the people.

As can be seen the procedures recognize the essential differences between initiative and referendum. The former is the proposal of legislation by the public. The latter is the overturning of legislation enacted by the representatives of the people. The former has no need for time limits and warrants a lesser initial support to justify submission to the voters. The latter requires strict time limits so as not to unduly delay the effectiveness of duly enacted legislation, and warrants a greater showing of initial support. The two are not, by their very nature, interchangeable. The City charter provisions are roughly comparable to the scheme established by the Missouri Constitution. Mo. Const. Art. III, Secs. 49–53.

■■■ We turn to the proposition before us. It clearly meets neither the time constraints of Article VI nor the signature requirements of that Article. The ordinance proposed to be adopted pursuant to Proposition 1 provides that: "Ordinance # 59532 of the City of St. Louis enacted on September 19, 1985 is hereby repealed, and a new ordinance is hereby proposed in lieu thereof...." (Emphasis supplied). It is impossible to conclude that the proposition seeks anything other than a rejection by the voters of Ordinance 59532. It is by charter definition a referendum. As such it did not meet the requirements of the Charter. State ex rel. Klayman v. Baine, 622 S.W.2d 757 (Mo.App.1981). The Election Board lacked the authority to certify the proposition to the Board of Aldermen and prohibition was the proper remedy to prevent its doing so.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.

APPENDIX

PROPOSITION #1

WARNING

It is a felony for anyone to sign any initiative or referendum petition with any name other than his or her own, or to knowingly sign his or her name more than once for the measure, or to sign such petition when he or she is not a legal voter.

TO THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF ST. LOUIS, MISSOURI:

We, the undersigned registered and qualified voters of the City of St. Louis, Missouri, do hereby state that each of us has personally signed this petition, that each is a qualified voter of the City of St. Louis, and that the residence of each is as correctly written by his or her name and we do hereby propose to repeal Ordinance #59532 of the City of St. Louis, and enact a new ordinance in lieu thereof.

WHEREAS, the Charter of the City of St. Louis has established the Department of Health and Hospitals which operates under the control of the City with the assistance of the Board of Health and Hospitals, and

WHEREAS, the City of St. Louis by contract and the Board of Aldermen by Ordinance #59532 have made provisions to transfer the responsibility for the delivery of long term nursing care, the delivery of care for acute illness and preventive clinical services to either for profit or not for profit corporations and for the management and control of such facilities by said corporations, all of which is contrary to the best interests of the people of the City of St. Louis, now

Be It Ordained by the City of St. Louis, as follows:

SECTION ONE: The following ordinance of the City of St. Louis is hereby proposed and submitted to the voters of the City and shall be voted upon at an election to be held as hereinafter provided.

SECTION TWO: The said ordinance is in the words and figures as follows:

a) Ordinance #59532 of the City of St. Louis enacted on September 19, 1985 is hereby repealed, and a new ordinance is hereby proposed in lieu thereof as follows:

b) The City of St. Louis shall promptly and no later than ninety (90) days after passage of this ordinance, assume responsibility for the exclusive management and control of I) the main facility designated by the said City to provide hospital care for the medically indigent acutely ill residents of the City of St. Louis; II) the health clinics designated by the City to provide clinical preventative services to the medically indigent residents of the City; III) the long term nursing care facility, Harry Truman Restorative Center, 5700 Arsenal; and shall staff said facilities with employees of the City of St. Louis selected on the basis of merit and fitness as provided under Article XVIII of the Charter of the City of St. Louis.

c) The City of St. Louis shall provide directly, through its own employees all long term nursing care, hospital care for the acutely ill, ambulatory and preventative health care and the medical, paramedical, nursing, education, training, routine maintenance, food service, housekeeping, and other services of every kind and description for the care of the indigent inhabitants of the City of St. Louis.

d) The facilities providing for long term nursing care and for the hospital care of the acutely ill shall be under the exclusive control and management of the City of St. Louis through its Division of Hospitals and operated by a public official designated by the Charter of the City of St. Louis as the Hospital Commissioner.

e) The health clinics providing for ambulatory and preventive health care shall be under the control of the Division of Health and operated by a public official designated by the City Charter as the Health Commissioner.

f) The Mayor shall appoint the members of the Board of Health and members of the Board of Hospitals as provided by the St. Louis City Charter, and the members of the Boards of Health and Hospitals shall actively participate, to the extent provided by law, with the management and control of the long term nursing care and hospital facilities and health clinics.

SECTION THREE: All ordinances in conflict with the provisions of this ordinance are hereby repealed.

SECTION FOUR: That this being an ordinance for the immediate preservation of the safety, health and welfare of all the residents of the City of St. Louis, Missouri, it is hereby declared to be an emergency measure within the meaning of the Charter of the City of St. Louis, and shall become effective as provided under Article V, Section 5 of the Charter of the City of St. Louis.

SECTION FIVE: That if any provision of this ordinance, or the application of such provision to any person or circumstance, shall be held invalid, the remainder of this ordinance, or the application of such provision to persons or circumstances other than those as to which it is held invalid, shall not be affected thereby.

SECTION SIX: That notice of this election shall be given jointly by the Board of Election Commissioners and by the City Register of the City of St. Louis by publication in the City Journal, in the St. Louis American, St. Louis Argus, the St. Louis Post Dispatch and the St. Louis Globe Democrat once each week for three (3) consecutive weeks, the first publication in each instance to be at least twenty one (21) days before, and the last publication within two (2) weeks of the date of said election.

That the said notice of election is given, appropriately signed by the Board of Election Commissioners and by the Register of the City, under the seal of the said Board and the City, pursuant to and upon certification of the initiative petition signatures by the Board of Election Commissioners, and certification by the Clerk of the Board of Aldermen, providing for the submitting of said proposed ordinance in its original form to the voters at the first election at which such submission may be lawfully had, but not less than thirty (30) days after such certification by said Clerk, and if there is no such election within ninety (90) days after such certification, then such submission shall be at a special election to be held within such ninety (90) days, if legally possible.

SECTION SEVEN: That, the qualified voters of the City of St. Louis may, at said election for the submission of said proposition, vote a ballot substantially in the following form:

**OFFICIAL BALLOT**

Instruction to voters:

To vote in favor of a proposition submitted upon this ballot, place a cross (X) mark in the square opposite the word "YES"; and to vote against a proposition, place a cross (X) mark in the square opposite the word "NO".

### PROPOSITION TO PRESERVE PUBLIC HEALTH CARE
### FOR THE MEDICALLY INDIGENT

Proposition 1 preserve public health care, to repeal Ordinance 59532 enacted by the City of St. Louis on September 19, 1985 and enact a new ordinance in lieu thereof which provides for the delivery of long term nursing care, clinical and acute medical care to the indigent inhabitants of the City of St. Louis through facilities and employees under the exclusive management and control of the City of St. Louis.

YES ☐      NO ☐

If voting machines are used, the aforesaid "Official Ballot" shall be placed or posted on said voting machines, wherever said machines are used, and under the direction of the Board of Election Commissioners for the City of St. Louis and according to law.

The Board of Election Commissioners shall provide the ballots or voting machines, or both, and conduct the election and shall ascertan and certify the results thereof, according to law.

SECTION EIGHT: That, upon passage of this ordinance, it shall be published in the City Journal, the official publication of the City of St. Louis, Missouri. Proof of publication of this ordinance shall be made by affidavit of the City Register, and such affidavit shall be filed in the office of the City Register and a copy of the publication shall be attached thereto.

| NAME OF (SIGNER'S SIGNATURE) | STREET ADDRESS | ZIP CODE | PRINT or TYPE NAMES OF SIGNERS |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| 11. | | | |
| 12. | | | |
| 13. | | | |
| 14. | | | |
| 15. | | | |
| 16. | | | |
| 17. | | | |
| 18. | | | |
| 19. | | | |
| 20. | | | |

### AFFIDAVIT

Comes now _____ whose address is _____, being first duly sworn, states that he/she saw each of the above signatures signed in his or her presence, and verily believes that the person whose name it purports to be was in fact the signer, with his or her correct residence address appearing opposite his or her name.

Signature of Circulator of Petition

Subscribed and sworn to me this _____ day of _____, 1985

NOTARY PUBLIC

My commission expires _____.

Committee of Petitioners:

Congressman William "Bill" Clay, 5146A Minerva, 63113
Senator John Bass, 5141 Cote Brilliante, 63113
Representative William L. Clay, Jr., 6136 Washington, 63112
Pearlie I. Evans, 5011 N. Kingshighway, 63115
Lew Moye, 4472 Bircher, 63115

Attorneys for
Committee of Petitioners:

Irene J. Smith, 1139 Olive Street,
Suite 802, St. Louis, 63101
Charles R. Oldham, 317 N. 11th Street,
Suite 1210, St. Louis, 63101

To obtain or return petitions, please call: 535–1773 or 533–3400