STATE of Tennessee, Appellee,

v.

Eugene JOHNSON, Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

June 29, 1988.

Permission to Appeal Denied by
Supreme Court Jan. 30, 1989.

W.J. Michael Cody, Atty. Gen., James W. Milam, Asst. Atty. Gen., William H. Crabtree, and Robert L. Jolley, Jr., Asst. Dist. Attys. Gen., for appellee.

Kim A. Tollison, Knoxville, for appellant.

OPINION

BIRCH, Judge.

A Knox County jury convicted Eugene Johnson of possession of a Schedule II controlled substance (cocaine) with intent

to sell. An additional count charged Johnson with possession of a Schedule II controlled substance (cocaine) with intent to deliver; he was convicted of this offense also. The jury assessed a $15,000 fine in each count. He was sentenced as a Range I offender to seven years in the Department of Correction on each count, to be served consecutively.

In this appeal of right, in addition to contesting the sufficiency of the convicting evidence and the sentence imposed, the defendant says that the trial court should have suppressed his statement, and that the conviction for possession of a controlled substance with intent to deliver violates his rights under the Double Jeopardy clause of the Fifth Amendment to the Constitution of the United States and Article I, § 10 of the Constitution of the state of Tennessee.

We agree with the defendant's contention that the conviction for possession of a controlled substance with intent to deliver violates Double Jeopardy provisions. For this reason, it must be vacated.

The judgment of the trial court in all other matters is affirmed.

## SUFFICIENCY OF THE EVIDENCE

The record reveals that on August 30, 1985, Knoxville police officers executed a search warrant for the defendant's residence. As a result of the search, police uncovered approximately 9½ grams of a substance later determined to contain cocaine, a Schedule II controlled substance. Also confiscated was a quantity of Manitol, which is often used to dilute and "stretch" cocaine, and several devices used to cut and package cocaine. The defendant, his wife, and several other individuals were present when the officers arrived.

In his residence, the defendant was advised of his *Miranda* rights; these warnings were reiterated to him upon arrival at the city jail.

While at the jail, the defendant confessed that the cocaine belonged to him, and that he intended to sell it.

A jury verdict of guilty, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in favor of theory of the state. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

This record contains ample evidence from which any rational trier of fact could conclude that the defendant possessed cocaine with intent to sell beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Tennessee Rules of Appellate Procedure 13(e).

## DOUBLE JEOPARDY

The defendant contends that his conviction for possession ... with intent to deliver (Count 2) cannot stand.

He supports this contention with the argument that dual convictions based on the same facts violate his immunity from twice being put in jeopardy.

At the bottom of this issue is an indictment which utilizes two separate counts to charge Eugene and Wilma Johnson[1] jointly with possession with intent to sell and with possession with intent to deliver.[2]

We have found no Tennessee case in which a single incident has spawned an indictment with the counts and offenses structured as in the case at bar, and which has resulted in the same convictions.

We realize, as did our Supreme Court in the case of *State v. Black*, 524 S.W.2d 913, 919 (Tenn.1975), that there is no hard and fast rule for determining when the Double Jeopardy clause applies and that "each case requires close and careful analysis of the offenses involved, the statutory defini-

---

1. Prior to submission to the jury, a judgment of acquittal was entered as to defendant Wilma Johnson.

2. Tenn.Code Ann. § 39–6–417(a) (Supp.1987).

tions of the crimes, the legislative intent and the particular facts and circumstances."

■ Also, we recognize that possession with intent to sell and possession with intent to deliver are separate offenses, and if, in a given case, each offense is supported by different facts, then dual convictions can stand. *See State v. Holt,* 691 S.W.2d 520 (Tenn.1984); *State v. William Kenneth Crumb,* Cocke County C.C.A. No. 112 (Tenn.Crim.App. January 15, 1986) [1986 WL 831].

■ The record in the instant case reflects that the entire quantity of contraband was recovered from inside defendant's residence pursuant to the execution of a search warrant. Though varying amounts were located in different parts of the house, all of the contraband was cocaine. The defendant acknowledged sole possession of all of the cocaine, described himself as a street seller of cocaine, and stated that he had intended to sell the cocaine. There was no evidence from which the jury could infer the existence of a separate intention to deliver the substance.

The two counts supported by but one set of facts were submitted to the jury. Using the same facts, they found that the defendant possessed contraband with intent to sell as well as with intent to deliver.

We hold that in the case at bar, a single possession of the same substance can support but one intent under the same facts.

A contrary holding could tempt prosecutors to separate the confiscated substance into as many increments as its weight permits, indict a defendant on as many counts as there are increments, and obtain as many convictions on the same facts as there are counts.

For the reasons stated, the judgment of conviction for possession of a Schedule II controlled substance (cocaine) with intent to deliver (Count 2) is reversed and dismissed, and the resulting sentence is vacated.

## CONFESSION

■ Defendant contends that the police officers induced him to confess by promises of leniency. Because of that, he reasons, his confession was neither voluntarily nor freely given; he insists that it should have been suppressed.

Edd Stair, the police officer to whom the confession was made, testified that after he had advised defendant of his rights he told defendant:

> ... that we had a working arrangement with people. That we'd help them if they'd help us, and you know, that we would try to help him when it got to court if he would help us.

Officer Stair said that he made no specific promises or offers and did not threaten or coerce defendant in any way.

In *State v. Kelly,* 603 S.W.2d 726, 727–28 (Tenn.1980), the Tennessee Supreme Court adopted the *Rogers v. Richmond,* 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961), standard for determining the admissibility of an alleged confession which is: "whether the behavior of the state's law enforcement officials was such as to overbear petitioner's will to resist and bring about confessions not freely self-determined...."

The trial judge in the instant case found that the rather vague statement made by the officer was not such as would render defendant's confession involuntary. We agree with the finding of the trial judge.

The defendant's position as to this issue is untenable.

## SENTENCING

In his final issue, defendant attacks the sentence.

Defendant was sentenced to a period of seven years on each count, to be served consecutively to a federal sentence and consecutively to each other. Because we have vacated one conviction and its sentence, we need consider only the remaining seven-year sentence for possession of a Schedule II controlled substance with intent to sell.

The defendant says that the sentence is excessive, and that it should not be consecutive to his federal sentences.

Our review of these sentencing issues is *de novo* review on the record, and we have attached no presumption of correctness to the determination of the trial court.

Concerning the length of sentence, a Range I sentence for the defendant's offense is from four to seven years.

Our review of the record discloses no mitigating factors.

The defendant's previous history of criminal convictions adequately supports the maximum Range I sentence of seven years. It is, in our opinion, the least severe measure necessary to achieve the purposes for which the sentence is imposed.

The defendant insists that his sentence should not be consecutive to certain federal court sentences. Since we find no good cause to order the sentence to be served concurrently to the federal court sentences, pursuant to Rule 32(c)(2), Tenn.R.Crim.P., the sentence is properly ordered to be consecutive.

Indeed, the defendant may be classified as a multiple offender or as a professional criminal under the *Gray* [3] criteria.

As to the conviction for possession of a Schedule II substance with intent to sell, we adopt the sentence of the trial court.

The judgment, as modified, is affirmed.

DWYER and REID, JJ., concur.

---

3. *Gray v. State,* 538 S.W.2d 391, 393 (Tenn. 1976).