IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 1, 2005

## STATE OF TENNESSEE v. LUIS PEREZ

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-02511      John P. Colton, Jr., Judge**

———————————

**No. W2004-00980-CCA-R3-CD  - Filed May 11, 2005**

———————————

The defendant appeals his dual convictions for possession of marijuana with intent to sell and with intent to deliver. We affirm the sufficiency of the evidence and the denial of the defendant's motion to suppress. We remand for merger of the offenses as the dual convictions are violative of double jeopardy. Further, we modify the sentence to two years in our *de novo* review, due to error in failure to make findings of fact in sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part;**
**Modified in Part; Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Robert Wilson Jones, District Public Defender, and Barry W. Kuhn and Tony N. Brayton, Assistant Public Defenders, for the appellant, Luis Perez.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and J. Robert Carter, Jr., and Valerie L. Smith, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The defendant, Luis Perez, was indicted in a two-count indictment, charging the defendant, in the first count, with unlawful possession of over 4536 grams of marijuana with the intent to sell and, in the second count, with the intent to deliver the same marijuana, in violation of Tennessee Code Annotated section 39-17-417. The defendant's pretrial motion to suppress evidence was denied after a hearing. The defendant was convicted, after a jury trial, on both counts, each a Class D felony. The defendant received a sentence of four years on each count as a standard offender, with the sentences to run concurrently. In addition, a $2500 fine was imposed on each conviction count.

The defendant timely appeals and presents four issues:
(1)     that the evidence was insufficient to support the convictions beyond a reasonable doubt;
(2)     that the trial court erred in failing to suppress the evidence;
(3)     that the trial court erred in its failure to merge the two guilty verdicts into a single conviction; and
(4)     that the trial court erred in sentencing the defendant.

## Factual Background

On November 18, 2002, the defendant was stopped on I-40 in Memphis for driving sixty-six miles per hour in a fifty-five mile-per-hour zone, as detected by radar. The arresting officer, Chris Jones, a Shelby County officer assigned to the West Tennessee Drug Task Force, stated that he smelled raw marijuana when the defendant rolled his window down. A second officer, in training and riding with Jones, Marco Yzaguierre, also claimed to smell the odor on approaching the vehicle.

The defendant produced a New York driver's license and stated that he lived in California. The defendant told the officers that he was test driving the older model Honda to New York and that the car belonged to a friend. Officer Jones phoned U.S. Customs to check the validity of the defendant's driver's license information. The defendant refused to consent to a vehicle search and was placed in the officer's squad car. Sergeant McCord, a K-9 handler for the West Tennessee Drug Task Force, was called and responded to the scene. The dog alerted to the defendant's vehicle and, when released inside the car, alerted on a green tub in the back seat area. A duffle bag inside the tub contained thirteen large bundles wrapped in cellophane and weighing, in gross, approximately seventeen pounds. Field testing from one bundle revealed the contents to be positive for THC, and this was subsequently confirmed by the TBI laboratory. The remaining bundles were undisturbed and not tested. Upon discovery of the marijuana, the defendant was arrested. After the defendant's arrest, Officer Jones learned that the defendant's driver's license was in revoked status.

## Sufficiency of Evidence

In attacking the sufficiency of the evidence to convict, the defendant specifically focuses on the untested twelve bundles introduced as marijuana. The defendant contends that this circumstantial evidence is insufficient to convict, due to the failure to test all bundles and the failure to introduce the weight of the one bundle tested.

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. Id. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom

are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

Although the evidence of the defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993). However, in order for this to occur, the circumstantial evidence must be not only consistent with the guilt of the accused but must also be inconsistent with innocence and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900. In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime." Id. (quoting Pruitt v. State, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970)).

While following the above guidelines, this Court must remember that the jury decides the weight to be given to circumstantial evidence and "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); see also Gregory, 862 S.W.2d at 577; State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985); Pruitt, 460 S.W.2d at 391.

Tennessee Code Annotated section 39-17-417 provides, in pertinent part, that it is a criminal offense for a defendant to knowingly "[p]ossess a controlled substance with intent to manufacture, deliver or sell such controlled substance." "It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing." Id. § 39-17-419.

The jury, in this case, accepted the logical inference that the twelve similarly wrapped bundles, located in the same container as the one tested, contained the same substance, marijuana. This inference, in our view, seems more logical than the likelihood of wrapping twelve innocuous materials to accompany the one bundle of contraband. While there might be some conceivable reason to include "dummy" bundles, such reason remains unfathomable to us. The jury accepted the inference that the quantity of marijuana, along with facts surrounding the arrest, indicated that the defendant possessed the drug for the purpose of selling or otherwise dispensing. The inference is reasonable, and it is not our prerogative to substitute another. Accordingly, we conclude that the evidence is sufficient beyond a reasonable doubt to sustain the convictions.

**Suppression of Evidence**

The defendant next contends that the trial court erred in denying the defendant's pre-trial motion to suppress. The basis for the defendant's argument is that the arresting officers "could have and should have" obtained a search warrant prior to searching the vehicle. The State maintains that the search was justified in multiple ways, including the officer's detection of the odor of raw marijuana, the indication of drugs by the trained drug detection canine, and the inevitability of discovery due to the defendant's revoked license status.

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this Court unless the evidence contained in the record preponderates against them. State v. Ross, 49 S.W.3d 833, 839 (Tenn. 2001). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence, and resolve any conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences drawn from that evidence. State v. Hicks, 55 S.W.3d 515, 521 (Tenn. 2001). However, this Court is not bound by the trial court's conclusions of law. State v. Randolph, 74 S.W.3d 330, 333 (Tenn. 2002). The application of the law to the facts found by the trial court are questions of law that this Court reviews *de novo*. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000). The defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. Braziel v. State, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975).

In his testimony at the suppression hearing, Officer Jones stated that, after stopping the defendant for speeding, he approached the defendant's vehicle. When the defendant lowered his window, Jones detected the odor of raw marijuana. This ability, he stated, came from fourteen years of law enforcement experience and from dealing with arrests involving raw marijuana. The two other officers involved, McCord and Yzaguierre, also stated that they detected the odor of raw marijuana emanating from the defendant's car. The defendant was placed in the squad car, although not under arrest, and Sergeant McCord's drug detecting unit was summoned. The dog first alerted on the driver's door and then, when released inside the car, on the tub containing the contraband. Upon discovery of the contraband, the defendant was arrested. Subsequently, Officer Jones learned that the defendant's driver's license was revoked.

The Fourth Amendment to the United States Constitution grants the right to be secure from unreasonable searches and seizures and prohibits the issuance of warrants without probable cause. Article I, § 7 of the Tennessee Constitution is identical in purpose and intent with the Fourth Amendment. State v. Troxell, 78 S.W.3d 866, 870 (Tenn. 2002). Under both constitutions, a warrantless search or seizure is presumed to be unreasonable, and the resulting evidence is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement. State v. Binette, 33 S.W.3d 215, 218 (Tenn. 2000).

These constitutional protections against unreasonable searches and seizures also apply to vehicles. Troxell, 78 S.W.3d at 870-71. In order to stop a vehicle, a law enforcement officer must have probable cause or reasonable suspicion, supported by specific and articulable facts, to believe an offense has been or is about to be committed. State v. Randolph, 74 S.W.3d 330, 334 (Tenn. 2002). In determining whether reasonable suspicion existed for the stop, a court must consider the totality of the circumstances. Binette, 33 S.W.3d at 219.

There is no contention in this case that the initial stop was illegal. Our courts have previously held that an officer, qualified by training and experience to detect and identify marijuana, can establish probable cause upon such detection. State v. Hughes, 544 S.W.2d 99, 101 (Tenn. 1976); Hicks v. State, 534 S.W.2d 872, 873-74 (Tenn. Crim. App. 1975). However, in the instant case, a search was not immediately conducted. A canine sweep was performed and, after the dog's indication of contraband being present, a warrantless search was then executed. A trained canine's positive alert supports a finding of probable cause if the reliability of the canine is established. State v. England, 19 S.W.3d 762, 768 (Tenn. 2000). Sergeant McCord, the dog's handler, stated that his dog, Jax, is nationally certified as a narcotic detection K-9. The dog is certified for marijuana, cocaine, heroin, and methamphetamine. Sergeant McCord has been certified as a handler since 1997, and Jax had never given a false indication under his supervision.

Thus, in addition to the officer's detecting the odor of raw marijuana, there was added the dog's alert on the contraband. We conclude that these occurrences provided sufficient probable cause to believe that the defendant was transporting contraband and justified the ensuing search. Once probable cause was established that the vehicle contained contraband, there was no necessity to obtain a search warrant. California v. Carney, 471 U.S. 386, 393, 105 S. Ct. 2066, 85 L. Ed. 2d 406 (1985); State v. Leveye, 796 S.W.2d 948, 952 (Tenn. 1990). We affirm the trial court's denial of the defendant's motion to suppress.

**Merger of Convictions**

The defendant next asserts that the trial court erred in failing to merge the convictions on Count I, possession with intent to sell marijuana, and Count II, possession with intent to deliver marijuana. The State concurs that the two convictions, based on the same contraband and acts and proven by the same evidence, constitute a double jeopardy violation. See State v. Johnson, 765 S.W.2d 780, 782 (Tenn. Crim. App. 1988); State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981).

The defendant herein engaged in a course of criminal conduct which the State charged as two violations of the same statute. We agree that the convictions present a double jeopardy violation. The defendant committed a single offense of possession of a controlled substance. Neither offense required proof of a fact not required in proving the other. Neither time nor location provided a separate and distinguishing commission of the offenses. See, e.g., State v. Easterly, 77 S.W.3d 226, 231 (Tenn. Crim. App. 2001). Therein the defendant separated out a portion of contraband in his possession for sale in a separate county at the State's inducement. Held to be a single act of

-5-

possession, the two convictions are merged to one conviction for possession with intent to sell. Since the sentences were run concurrently, the practical effect is to dismiss one fine imposed in sentencing.

**Sentencing**

In the last issue, the defendant asserts that the trial court erred in sentencing by failing to consider the statutory sentencing principles. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e); State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002); see Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set

out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

The State concedes that the trial court did not make required findings on the record, thus necessitating our *de novo* review. The trial court filed a printed form entitled, "Sentencing Findings of Fact." The form contains a listing for the range of sentence, enhancement factors, and mitigating factors. The defendant was found to be a Range I, standard offender. No enhancement factors or mitigating factors were checked on the form. On the last page of the form, a sentence of four years on each conviction count is entered with a $2500 fine on each count. Under alternative sentence, there is a handwritten annotation: "Due to excessive amount of marijuana being transported." The transcript of the sentencing hearing is also devoid of findings of fact.

In conducting this *de novo* review, we observe from the pre-sentence report that the defendant had two prior misdemeanor convictions: driving under the influence and driving on a suspended license. The convictions constitute a criminal history and qualify as an enhancement factor. The finding by the trial court of an "excessive amount" of marijuana cannot be used as an enhancement factor as it is embodied in the essential elements of the offense. Tenn. Code Ann. § 40-35-114, Sentencing Commission Comments.

The defendant urged that the trial court accept as a mitigating factor that the defendant's criminal conduct neither caused nor threatened serious bodily injury. While we view this as appropriate, it is worthy of little weight.

The presumptive sentence for a Class D felony is the minimum sentence in the range. There exists one enhancement factor and one mitigating factor. We conclude that an appropriate sentence in this cause is two years. The cause is remanded for modification of the defendant's sentence.

## Conclusion

After review, we conclude that the evidence was sufficient to support the defendant's conviction for possession of marijuana with the intent to sell. We further affirm the trial court's denial of the defendant's motion to suppress evidence. The cause is remanded for merger of the offenses into one conviction for possession with intent to sell and modification of the sentence to two years.

_____
JOHN EVERETT WILLIAMS, JUDGE