# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 7, 2016

## STATE OF TENNESSEE v. ANTHONY MILLER

**Appeal from the Criminal Court for Shelby County**
**No. 14-04043     Glenn Wright, Judge**

_____

**No. W2016-00402-CCA-R3-CD  -  Filed January 20, 2017**

_____

The Defendant, Anthony Miller, was indicted for possession with intent to sell 0.5 grams or more of cocaine, a Class B felony; possession with intent to deliver 0.5 grams or more of cocaine, a Class B felony; possession with intent to sell one-half ounce or more but less than ten pounds of marijuana, a Class E felony; possession with intent to deliver one-half ounce or more but less than ten pounds of marijuana, a Class E felony; and possession of a firearm with intent to go armed during the commission of a dangerous felony, a Class D felony.  See Tenn. Code Ann. §§ 39-17-417, -1324(a).  Prior to submission to the jury, the amount for the cocaine possession charges was reduced to less than 0.5 grams, a Class C felony.  See Tenn. Code Ann. § 39-17-417(c)(2)(A).  Following a jury trial, the Defendant was convicted as charged of the marijuana and unlawful firearm possession charges and of the lesser-included offense of simple possession, a Class A misdemeanor, with respect to the cocaine possession charges.  See Tenn. Code Ann. § 39-17-418.  The trial court sentenced the Defendant to eleven months and twenty-nine days for the misdemeanor cocaine possession offenses, two years for the felony marijuana possession offenses, and the mandatory minimum three years for the unlawful firearm possession offense.  The trial court ordered all of the sentences to be served concurrently for a total effective sentence of three years.  In this appeal as of right, the Defendant contends (1) that the evidence was insufficient to sustain his conviction for unlawful possession of a firearm; and (2) that the trial court erred in instructing the jury on the applicable mental state for the unlawful possession of a firearm offense.  Following our review, we conclude that the evidence was sufficient to sustain the Defendant's conviction for unlawful possession of a firearm.  However, we also conclude that the trial court committed plain error in instructing the jury with respect to the unlawful firearm possession offense that the Defendant could be found guilty if he acted "either intentionally, knowingly, or recklessly."  As such, we remand this case for a new trial on the unlawful possession of a firearm charge.  Additionally, we hold that the trial court failed to merge the Defendant's convictions for simple possession of cocaine into one conviction and his convictions for felony possession of marijuana into one

conviction. Accordingly, we remand this case to the trial court for merger of those convictions and entry of corrected judgment forms reflecting said merger.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed in Part; Reversed in Part; Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Larry E. Fitzgerald, Memphis, Tennessee, for the appellant, Anthony Miller.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Charles Summers III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On November 22, 2014, Memphis Police Department officers executed a search warrant for a residence on Haywood Avenue. Shortly before the search, one of the officers witnessed the Defendant enter his car, which was parked in the home's driveway, and drive away. The Defendant was quickly pulled over for running a stop sign. The officer who stopped the Defendant smelled a strong odor of marijuana coming from the Defendant's car. The Defendant admitted to having marijuana and produced a small bag containing marijuana from his right pocket.

When informed about the search warrant, the Defendant gave the officers a key to the house. The officers and the Defendant returned to the house where the officers used the key to enter the house. There was no one else in the house at the time it was searched. Outside the house, the officers found video surveillance cameras. Inside the house, a surveillance monitor was found. Testimony was presented at trial that it was "very common" for drug dealers to utilize video surveillance systems. Additionally, a box of .380 caliber ammunition was found sitting out on a table in another bedroom.

In one of the back bedrooms, the bed had a large headboard with built-in cabinets. Inside the headboard's cabinets, the officers found a "large red bag." The red bag contained a large bag of what appeared to be marijuana and two smaller bags of the same. On the same shelf as the red bag was a large digital scale and a box of sandwich bags. Police officers explained to the jury that sandwich bags were often used to package drugs for sale. Also inside the cabinet, officers found a jar that appeared to contain more

marijuana, a small plastic bag containing white powder, and what appeared to be a marijuana grinder.

Next to the bed was a dresser. A smaller digital scale was found on top of the dresser. Inside "the top left drawer," the officers found $165 in small denominations. It was explained at trial that keeping a large amount of small denominations was typical "to [the] drug trade." There was a small closet at the foot of the bed. On a top shelf of the closet, officers found a shoebox containing two handguns: a Lorcin .380 caliber and a Bryco Jennings .22 caliber. Both handguns were loaded. The handguns were not tested for fingerprints, and the MPD officers testifying at trial stated that they did not know who owned the guns.

The Defendant's girlfriend also lived at the house, and the utilities for the house were registered in her name. However, the Defendant had the Haywood Avenue address listed on his driver's license. Additionally, the officer found inside the house the Defendant's work badge, paychecks, a debit card in his name, an ADT Security Service bill for the house addressed to the Defendant, and other miscellaneous mail addressed to the Defendant.

Subsequent forensic testing revealed the white powder to be .47 grams of cocaine and the green leafy substance found inside the house to be, in total, 395.22 grams of marijuana.

The Defendant testified at trial[1] that the house belonged to his girlfriend and that he periodically stayed there. However, the Defendant admitted that the marijuana belonged to him and that he sold some of the marijuana. The Defendant also admitted that the cocaine belonged to him but claimed that it was only for his personal use.

The Defendant denied that the handguns belonged to him. The Defendant claimed that he had never seen the handguns and that he did not know they were in the bedroom. The Defendant also claimed that he had no idea why there was a box of ammunition sitting out in one of the other rooms. The Defendant asserted that the handguns belonged to his girlfriend because they were found in "female shoeboxes." The Defendant also noted that it was illegal for him to possess a handgun because he was a convicted felon.

## ANALYSIS

---

[1] Prior to the Defendant's testimony, it appears that the trial court conducted a hearing pursuant to Momon v. State, 18 S.W.3d 152 (Tenn. 1999), which outlined a prophylactic procedure designed to insure that a defendant's waiver of his right to testify is voluntary, knowing, and intelligent. See Mobley v. State, 397 S.W.3d 70, 90-91 (Tenn. 2013). However, said procedure was not required prior to the Defendant's testimony as our supreme court has "respectfully decline[d] to extend the reach of the prophylactic procedure in Momon to instances in which a criminal defendant elects to testify." Id. at 90.

*I. Sufficiency of the Evidence*

The Defendant contends that the evidence was insufficient to sustain his conviction for possession of a firearm with intent to go armed during the commission of a dangerous felony. The Defendant argues that there was no evidence connecting him to the handguns, and he denied knowing they were in the closet. The State responds that the evidence was sufficient to sustain his conviction.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This court does not reweigh the evidence, rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict "removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Bland, 958 S.W.2d at 659; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). A guilty verdict "may not be based solely upon conjecture, guess, speculation, or a mere possibility." State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). However, "[t]here is no requirement that the State's proof be uncontroverted or perfect." State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Put another way, the State is not burdened with "an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 326.

The foregoing standard "applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of [both] direct and circumstantial evidence." State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Both "direct and circumstantial evidence should be treated the same when weighing the sufficiency of such evidence." State v. Dorantes, 331 S.W.3d 370, 381 (Tenn. 2011). The duty of this court "on appeal of a conviction is not to contemplate all plausible inferences in the [d]efendant's favor, but to draw all reasonable inferences from the evidence in favor of the State." State v. Sisk, 343 S.W.3d 60, 67 (Tenn. 2011).

"It is an offense to possess a firearm with the intent to go armed during the commission of . . . a dangerous felony." Tenn. Code Ann. § 39-17-1324(a). Possession of a controlled substance with the intent to sell or deliver is one of the applicable listed

dangerous felonies. Tenn. Code Ann. § 39-17-1324(i)(1)(L). As pertinent to our review, marijuana is a Schedule VI controlled substance. Tenn. Code Ann. § 39-17-415(a)(1).

"Tennessee courts recognize that 'possession' may be either actual or constructive." State v. Ronnie Paul Trusty, No. W2012-02445-CCA-R3-CD, 2013 WL 3488150, at *4 (Tenn. Crim. App. July 11, 2013) (quoting State v. Shaw, 37 S.W.3d 900, 903 (Tenn. 2001)) (internal quotation marks omitted). Constructive possession exists when a person has "the power and intention at a given time to exercise dominion and control over [the item] either directly or through others." Id. (quoting Shaw, 37 S.W.3d at 903). Here, it was clear that the bedroom the handguns were found in belonged to the Defendant and that he had the ability to "exercise dominion and control" over the handguns.

Additionally, the fact that the handguns were loaded and "within the immediate proximity of the contraband established the [D]efendant's intent to go armed and demonstrated a nexus between the firearm[s] and the drugs." Trusty, 2013 WL 3488150, at *4. Accordingly, we conclude that the evidence was sufficient to sustain the Defendant's conviction for possession of a firearm with intent to go armed during the commission of a dangerous felony.

## II. Jury Instruction

The Defendant also contends that the trial court erred in instructing the jury on the applicable mental state for the unlawful possession of a firearm offense. The Defendant argues that the applicable statute specified that he had to act intentionally to be convicted of the offense but that the trial court instructed the jury that he could be convicted if he acted "either intentionally, knowingly, or recklessly" thereby lowering the State's burden of proof. The State responds that the instruction was not erroneous and that even if it was, the error would be harmless.

The trial court instructed the jury on the offense of unlawful possession of a firearm as follows:

> Any person who possesses a firearm with the intent to go armed during the commission of or attempt to commit a dangerous offense is guilty of a crime.
> For you to find the defendant guilty of this offense, the State must have proven beyond a reasonable doubt the existence of the following essential elements:
> (1) that the defendant possessed a firearm;
>                                       and

(2) that the possession was with the intent to go armed during the commission of or attempt to commit the sell or delivery of a controlled substance, to-wit: Marijuana over one-half ounce (14.175 grams) or more;

and

(3) that the defendant acted either intentionally, knowingly, or recklessly.

While waiver was not raised by either of the parties, the Defendant has waived this issue by failing to raise it in his motion for new trial. See Tenn. R. App. P. 3(e) (stating that "no issue presented for review shall be predicated upon error in the . . . jury instructions granted or refused . . . unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived"). As such, we are limited to reviewing this issue for plain error.

The doctrine of plain error applies when all five of the following factors have been established:

(a) the record must clearly establish what occurred in the trial court;
(b) a clear and unequivocal rule of law must have been breached;
(c) a substantial right of the accused must have been adversely affected;
(d) the accused must not have waived the issue for tactical reasons; and
(e) consideration of the error must be "necessary to do substantial justice."

State v. Page, 184 S.W.3d 223, 230-31 (Tenn. 2006) (quoting State v. Terry, 118 S.W.3d 355, 360 (Tenn. 2003)) (internal brackets omitted). "An error would have to [be] especially egregious in nature, striking at the very heart of the fairness of the judicial proceeding, to rise to the level of plain error." Id. at 231.

Here, the record clearly established what occurred in the trial court. The applicable statute contains only one possible mental state, that the Defendant possessed the firearms intentionally. Tenn. Code Ann. § 39-17-1324(a); see also State v. Tasha Briggs, No. W2014-01214-CCA-R3-CD, 2015 WL 5813664, at * 3-5 (Tenn. Crim. App. Oct. 6, 2015) (holding that the trial court erred by instructing the jury that the defendant could be found guilty of possession of a firearm with intent to go armed during the commission of a dangerous felony "if the jury found that she acted knowingly or recklessly"). Therefore, a clear and unequivocal rule of law has been breached. Additionally, we do not believe that the Defendant waived this issue for tactical reasons.

Finally, we conclude that a substantial right of the Defendant was adversely affected by the error and that consideration of the error is necessary to do substantial

-6-

justice.[2] See Briggs, 2015 WL 5813664, at *5 (holding that error in instructing the jury was not harmless because it "lessened the State's burden of proof"). This is especially true in light of the fact that the jury accredited the Defendant's testimony that the cocaine was for his own personal use coupled with the Defendant's testimony that the handguns belonged to his girlfriend and that he was unaware of their presence in the house. Accordingly, we conclude that the trial court committed plain error in instructing the jury that it could convict the Defendant if he acted knowingly or recklessly with respect to the unlawful possession of the firearms. We remand this case to the trial court for a new trial on the unlawful possession of a firearm charge.[3]

### III. Merger of Convictions

While not raised by either of the parties, we note that the trial court erred by failing to merge the Defendant's convictions for simple possession of cocaine and his convictions for felony possession of marijuana. Here, the Defendant's convictions for simple possession of cocaine relied upon the same proof. Likewise, double jeopardy bars convictions for possession with intent to sell and possession with intent to deliver when the convictions are supported by the same proof. State v. Johnson, 765 S.W.2d 780, 782 (Tenn. Crim. App. 1988). The trial court's failure to merge the convictions constituted plain error. See State v. Edgar Allgood, No. W2008-00870-CCA-R3-CD, 2010 WL 455000, at *8 (Tenn. Crim. App. Feb. 10, 2010).

Accordingly, we remand this case to the trial court for merger of the Defendant's two convictions for simple possession of cocaine into one conviction and merger of the

---

[2] Relying on State v. Clark, 452 S.W.3d 268, 298 (Tenn. 2014), the State argues that the inclusion of the knowing and reckless mental states in the jury instruction was harmless error because "the word 'intentionally' occurs in close proximity to the conduct at issue, a reasonable jury would interpret this to mean that the more specific mens rea of 'intentionally' has to apply to that [conduct]." However, Clark involved the offense of aggravated sexual battery where a specific mens rea applied to one element of the offense, "intentional touching," and "intentionally, knowingly, or recklessly" "may apply to the element of the age of the victim." Id. Unlike Clark, the "mens rea element for the possession offense [at issue here] contains only one mental state." Briggs, 2015 WL 5813664, at *4. Furthermore, the supreme court in Clark stated that it "need not determine whether [the] instruction was erroneous because any error . . . would be harmless beyond a reasonable doubt" due to the fact that "neither the State nor [the defendant] presented evidence that his behavior might have been done recklessly or knowingly." Clark, 452 S.W.3d at 298. Here, the Defendant's testimony suggested that his possession of the gun might have been done recklessly or knowingly.

[3] We also note that the trial court erred in ordering the Defendant's sentence for unlawful possession of a firearm to be served concurrently with his sentence for the underlying felony. See Tenn. Code Ann. § 39-17-1324(e)(1) (mandating consecutive sentencing for this offense and any sentence imposed "for conviction of the underlying felony"). If the Defendant is convicted at a new trial, the trial court is required to order his sentence to be served consecutively to his sentence for the underlying felony of possession of marijuana with the intent to sell.

Defendant's conviction for possession with the intent to deliver one-half ounce or more but less than ten pounds of marijuana into his conviction for possession with intent to sell one-half ounce or more but less than ten pounds of marijuana. The trial court shall enter corrected judgment forms reflecting said merger.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, we conclude that there is reversible error with respect to the Defendant's conviction for unlawful possession of a firearm and remand the case to the trial court for a new trial on that charge. Additionally, the trial court's failure to merge the drug convictions constituted plain error. The case is remanded to the trial court for merger of those convictions and entry of corrected judgment forms reflecting said merger.

_____
D. KELLY THOMAS, JR., JUDGE