THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BOBBY RAY TIMMONS, Defendant-Appellant.

Second District   No. 2—90—0751

Opinion filed August 31, 1992.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Roger T. Russell, State's Attorney, of Belvidere (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Following a jury trial, defendant, Bobby Ray Timmons, was convicted of two counts of theft (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)) and received concurrent sentences of five years' imprisonment on each count. Defendant raises four issues on appeal: (1) whether one of defendant's convictions for theft should be reversed because the thefts occurred simultaneously; (2) whether defendant knowingly and intelligently waived his right to counsel at trial; (3) whether he should have been sentenced as a Class 4 felon rather than a Class 3 felon; and (4) whether his sentence is excessive. We affirm in part and vacate in part.

On July 20, 1989, defendant was charged with the theft of two firearms from the Blackhawk Gun Shop in Belvidere, Illinois. Public defender David Towns was appointed to represent him. However, on October 27, 1989, after a substitution of judges, Mr. Towns informed the court that defendant wished to fire him and have other counsel appointed because defendant was filing suit against Mr. Towns. The court permitted Mr. Towns to withdraw and appointed Don Larson to represent defendant.

On November 3, 1989, Mr. Larson indicated to the court that his term as alternate or conflict-of-interest public defender was going to expire December 1, 1989, and requested the cause be continued until that time to enable the new alternate to be appointed.

The cause was continued until December 8, 1989, at which time Charles Popp was appointed to represent defendant. However, because Mr. Popp had worked with Mr. Towns at one time, defendant felt there was a conflict of interest. Prior to his current position, Mr. Popp was employed as an assistant public defender with Mr. Towns' office. The trial court denied Mr. Popp's request to withdraw, finding no conflict existed. Defendant filed another motion for substitution of judges. That motion was denied on December 15, 1989. Trial was set for February 5, 1990.

On January 22, 1990, defendant filed a motion for change of attorney claiming Mr. Popp would not file the motions defendant wanted filed. The trial court heard the motion on January 29, 1990.

Mr. Popp explained that he and defendant had severe communication problems. He informed defendant that he had an obligation to the court as well as to the defendant and that he could not file frivolous motions. Defendant argued that if Mr. Popp had an obligation to the county he would be unable to represent defendant fairly because of the civil suits defendant had filed against the county. The trial court granted the motion for change of attorney and appointed Dennis O'Sullivan to represent defendant.

Defendant again moved for a substitution of judges. That motion was denied. On May 4, 1990, defendant refused to appear in court. The court ordered defendant be brought to the courtroom for trial on May 7, 1990, over Mr. O'Sullivan's objection.

On May 7, 1990, defendant appeared in court. Mr. O'Sullivan informed the court that defendant wanted a continuance and that defendant did not feel counsel was fully prepared for trial. Defendant asserted that he would not go to trial with Mr. O'Sullivan as counsel. He requested a continuance for O'Sullivan or for the appointment of new counsel, stating that he would rather proceed alone than with Mr. O'Sullivan on that day. Mr. O'Sullivan explained to the court that he and defendant were having problems and that he did not want to be subject to second-guessing by defendant. Mr. O'Sullivan stated that he had almost no cooperation from defendant and that he did not want to represent defendant if defendant did not want to be represented by him. When asked if he was prepared for trial, Mr. O'Sullivan responded, "I think with more time, obviously everybody can always do better."

At that point the trial court ordered Mr. O'Sullivan to explain to defendant what it would mean if he decided to proceed *pro se* or with standby counsel. After a brief recess, the court again inquired as to how defendant wished to proceed. Again, defendant claimed he did not want Mr. O'Sullivan to represent him. Mr. O'Sullivan stated that he was not prepared to go to trial with defendant "being the way he is." The court denied the motion to withdraw and the motion for a continuance stating:

> "[I]t appears to this court that he has been that way with every counsel he has had. And there is a distinct possibility, at least it appears to this court, that he is trying to delay the due administration of this court, and this is what I am going to stop dead in its track right now."

Defendant continued to object to Mr. O'Sullivan's representation. After stating the cause would proceed to trial that day, the court allowed defendant to proceed *pro se* with Mr. O'Sullivan as standby

counsel. Again, defendant objected to Mr. O'Sullivan as standby counsel, stating that he would file suit against Mr. O'Sullivan if he tried to represent defendant. The court ordered Mr. O'Sullivan to remain as standby counsel.

Defendant stated he would not participate in the selection of a jury, nor would he allow Mr. O'Sullivan to participate. Defendant stated:

> "It ain't [*sic*] going to do you no good because I making [*sic*] a big commotion in this courtroom. You might as well as [*sic*] get some barbwire [*sic*] to gag my mouth or do whatever you got to do, but this trial wouldn't be proceeding on the normal basis here today, I am telling you that today. You do what you want, but I tell you that it won't proceed under normal basis [*sic*]."

The court informed defendant of his constitutional right to confront witnesses, explaining that he could waive that right by conducting himself in a disorderly manner.

The trial began that same day. Defendant did not participate in the selection of the first two panels of jurors, but he did participate in the selection of the last panel. Defendant made an opening statement and cross-examined the State's witnesses. On the second day of trial, defendant conferred with standby counsel, Mr. O'Sullivan. After the State rested its case, defendant declined to present evidence. At the instructions conference, defendant stated that he had worked things out with Mr. O'Sullivan and requested that Mr. O'Sullivan take over as counsel. Mr. O'Sullivan asked the court to reserve its ruling, and the court agreed to his request. However, Mr. O'Sullivan went on to represent defendant at the instructions conference, during post-trial motions and at the sentencing hearing.

On the third day of trial, defendant sought to plead guilty to one count of theft, but the State would not agree to those terms. Defendant gave his own closing argument during which he told the jury he was guilty and asked for the maximum sentence. The jury found him guilty on both counts of theft. The court imposed concurrent sentences of five years' imprisonment. Defendant timely appeals.

Defendant's first issue on appeal is whether he was properly convicted of two counts of felony theft. Count I charged defendant with the theft of a Smith and Wesson .45 caliber, semi-automatic pistol having a total value in excess of $300, from the Blackhawk Gun Shop on July 19, 1989, and count II alleged the theft of a Colt .45 pistol having a total value in excess of $300, also from the Blackhawk Gun Shop on July 19, 1989.

The evidence at trial was as follows. A customer in the gun shop saw defendant lean over the store counter, grab a dark object and hide it inside his jacket. The customer stated that he heard the distinct sound of metal hitting metal as defendant grabbed the dark object. The customer informed the shop manager of what he had seen after defendant exited the shop. The manager noticed a space where the Smith and Wesson had been hanging. The manager confronted defendant outside the store moments later, and the defendant returned the Smith and Wesson pistol. Upon returning to the store, the manager noticed another pistol missing. He notified the police. Defendant was arrested later that same day. The Colt .45 pistol was never recovered.

Defendant admits the State presented evidence sufficient to prove the theft of the Smith and Wesson pistol, but argues he should not have been charged with two counts of theft under the one act/one crime doctrine.

■ Under the standard set forth by our supreme court in *People v. King* (1977), 66 Ill. 2d 551, more than one offense cannot be carved from the same physical act. (66 Ill. 2d at 566.) Where a defendant, in one act, simultaneously exerts control over several different items of stolen property, he or she is properly charged with only one theft. See *People v. Jackson* (1978), 64 Ill. App. 3d 159, 161; *People v. Depner* (1980), 89 Ill. App. 3d 689, 694.

The rationale behind this principle was expressed in *People v. Manning* (1978), 71 Ill. 2d 132. " 'If a person steals four horses from the barn of another, all being of different color, it would not be competent to charge the thief with four different larcenies when the horses were all taken at the same time and place.' " *People v. Manning*, 71 Ill. 2d at 135, quoting *Braden v. United States* (8th Cir. 1920), 270 F. 441, 443-44.

Accordingly, the trial court erred in entering a separate judgment and imposing a separate sentence on each count of theft over $300 rather than on only one count. We vacate the judgment of conviction and sentence imposed against defendant on count II of the information charging defendant with the theft of the Colt .45 pistol.

■ Defendant's next contention on appeal is that the record does not reflect a knowing and intelligent waiver of his right to counsel under Supreme Court Rule 401(a). (134 Ill. 2d R. 401(a).) However, we conclude defendant did not waive his right to counsel, and, hence, admonishment under Rule 401(a) was not necessary.

Supreme Court Rule 401(a) requires the trial court to admonish a defendant in open court as to the nature of the charge, the minimum

and maximum sentences prescribed by law, and that he has the right to counsel and, if he is indigent, to have counsel appointed by the court before allowing waiver of the right to counsel. (134 Ill. 2d R. 401(a).) However, where a defendant proceeds to trial with the "technical assistance" of an attorney, he has not waived counsel and need not be given the full admonishments under Rule 401(a). (*People v. Smith* (1985), 133 Ill. App. 3d 574, 579; see also *People v. Nieves* (1982), 92 Ill. 2d 452, 466-67.) The rationale for this rule is that a defendant who seeks to conduct his own defense with the advice of counsel partakes of the freedom of defending himself in addition to the expertise of an advisor with legal training. (*People v. Hite* (1983), 115 Ill. App. 3d 66, 69.) A defendant who wishes to act *pro se* desires to stand alone, but this does not occur if a lawyer assists him at trial. (*Smith*, 133 Ill. App. 3d at 579.) In addition, it has been held that the appointment of standby counsel to assist a defendant who is proceeding *pro se* does not offend the right of self-representation. *People v. Gibson* (1990), 136 Ill. 2d 362, 375.

In the present case, defendant's inability to resolve conflicts with his court-appointed attorneys caused the case to be continued several times. In addition, defendant filed a number of motions to substitute judges and numerous civil lawsuits against judges, prosecutors, former defense counsel, and the sheriff's office. Although an indigent defendant is entitled to have counsel appointed for him, the right to counsel of defendant's own choosing may not be employed as a weapon to thwart indefinitely the administration of justice or to otherwise embarrass the effective prosecution of crime. (*People v. Kennedy* (1990), 204 Ill. App. 3d 681, 684.) Defendant clearly was not entitled to another continuance. *People v. Vaughn* (1983), 116 Ill. App. 3d 193, 196.

After the court refused to provide different court-appointed counsel, defendant stated that he would be forced to proceed *pro se*, and he threatened to cause such a commotion that the trial could not proceed. At that point in time, the trial court was justified in finding defendant's conduct tantamount to an election to proceed *pro se*. See *People v. Kennedy*, 204 Ill. App. 3d at 684; *People v. Vaughn*, 116 Ill. App. 3d at 197.

The trial court was acting within its authority when it appointed Mr. O'Sullivan as standby counsel. Requiring defendant to proceed *pro se* with standby counsel is not a waiver within the meaning of Rule 401(a), and thus admonitions were not required when the case proceeded to trial as scheduled. (*People v. Vaughn*, 116 Ill. App. 3d at 197.) Defendant called upon Mr. O'Sullivan for assistance numerous

times during trial, and, eventually, defendant requested that Mr. O'Sullivan take over as trial counsel once again. A defendant receiving such legal advice should not be heard to complain about proceeding *pro se* or of any possible deficiencies relating to waiver of legal assistance. See *People v. Smith*, 133 Ill. App. 3d at 579.

■ Next, defendant argues he was improperly sentenced for a Class 3 felony rather than a Class 4 felony. We disagree.

Defendant was charged with theft of a firearm, not from a person, over $300. The sentencing portion of the theft statute states in pertinent part:

"(b) Sentence.

\* \* \*

(3) Theft of a firearm not from the person regardless of value is a Class 4 felony. A second or subsequent such offense is a Class 3 felony.

(4) Theft of property from the person not exceeding $300 in value, or theft of property exceeding $300 and not exceeding $10,000 in value, is a Class 3 felony." Ill. Rev. Stat. 1991, ch. 38, pars. 16—1(b)(3), (b)(4).

Defendant argues that because section 16—1(b)(3) specifies the theft of a firearm, regardless of value, is a Class 4 felony, he was improperly sentenced under section 16—1(b)(4). The value of each of the stolen firearms was well over $300. The State charged the defendant under section 16—1(b)(4) under which the offense is categorized as a Class 3 felony rather than a Class 4 felony. The sentencing range for a Class 4 felony is 1 to 3 years, whereas the range for a Class 3 felony is 2 to 5 years. Ill. Rev. Stat. 1991, ch. 38, pars. 1005—8—1(a)(6), (a)(7).

The function of the courts in construing statutes is to ascertain and give effect to the intent of the legislature. (*People v. Steppan* (1985), 105 Ill. 2d 310, 316.) In ascertaining the intent of the legislature, it is proper for the court not only to consider the language employed by the statute, but also to look to the reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained. (105 Ill. 2d at 316.) In addition, in construing statutes, the courts presume the legislature, in passing legislation, did not intend absurdity, inconvenience or injustice. 105 Ill. 2d at 316.

After applying the above principles to section 16—1(b), we cannot agree with the defendant that the inclusion of the words "regardless of value" in section 16—1(b)(3) restricts the scope of section 16—1(b)(4). The theft of property, other than a firearm, under $300 is a Class A misdemeanor. (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(b)(1).)

Section 16—1(b)(3), which makes the theft of a firearm, regardless of value, a Class 4 felony, reflects the intent of the legislature to punish the theft of firearms more severely than ordinary property, even if the value of that firearm does not exceed $300. However, under defendant's interpretation of the statute, a defendant would be sentenced more severely as a Class 3 felon for the theft of property valuing $301, than he or she would be for the theft of a firearm valuing $3,001 because under defendant's interpretation such an offense would remain a Class 4 felony.

Where several constructions may be placed upon a statute, the court should select that interpretation that leads to a logical result and avoid that which would be absurd. (*People v. Mullinex* (1984), 125 Ill. App. 3d 87.) To accept defendant's interpretation of the statute would lead to an absurd result. We conclude the logical interpretation of section 16—1(b) permits the theft of a firearm valuing more than $300 to be charged as a Class 3 felony under section 16—1(b)(4). Ill. Rev. Stat. 1991, ch. 38, par. 16—1(b)(4).

■ Lastly, defendant contends that even if he was properly convicted as a Class 3 felon, the maximum sentence of five years' imprisonment was excessive. We disagree.

Our review of defendant's presentence report revealed the following. Defendant was 35 years old at the time of sentencing. He was not employed. Most of his family resides in Florence, South Carolina. Defendant graduated from high school and completed 107 credit hours of study toward a bachelor's degree in physical education. He also completed vocational training in welding.

Although defendant was never declared a delinquent minor, his adult criminal record is extensive. Defendant has a prior felony conviction of blackmail in South Carolina, as well as possession of marijuana, simple assault and battery, petit larceny and two driving under suspensions. In addition he is presently wanted in South Carolina for forgery, resisting arrest and unlawful flight.

The State asked the court to sentence defendant to the maximum five years' imprisonment. Although defendant himself asked the judge to give him the maximum sentence during his closing argument, at the sentencing hearing he requested a sentence of time served. The court sentenced defendant to five years' imprisonment after stating it had considered all factors in mitigation and aggravation.

The standard of review to be applied in determining whether a sentence is excessive is whether the trial court abused its discretion in imposing the sentence. (*People v. Andrews* (1989), 132 Ill. 2d 451, 464; *People v. La Pointe* (1981) 88 Ill. 2d 482, 492.) Ordinarily, the

trial court is in the best position to make a reasoned judgment as to a sentence which balances the need to protect society and rehabilitate the offender, and its judgment is due great weight and deference. *People v. Branham* (1985), 137 Ill. App. 3d 896, 903; *People v. La Pointe*, 88 Ill. 2d at 492-93.

Considering the seriousness of the crime, defendant's extensive criminal record and the lack of respect for the law he displayed during the proceedings against him, we do not find the trial court abused its discretion in sentencing defendant to the maximum sentence of five years' imprisonment. In addition, we do not find that a remand for resentencing is necessary based on the reversal and vacation of defendant's conviction under count II because the record fails to indicate the trial court determined defendant's sentence based on the entry of conviction on two counts rather than a single count of the offense. *People v. Silas* (1989), 185 Ill. App. 3d 920, 934; see also *People v. Alejos* (1983), 97 Ill. 2d 502.

For the reasons stated herein, the judgment of the circuit court is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

INGLIS, P.J., and DOYLE, J., concur.