## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## OCTOBER SESSION, 1998

FILED

October 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,     )
    )
    Appellee     )
    )
vs.     )
    )
PAUL EDWARD EPPS,     )
    )
    Appellant     )

No. 02C01-9712-CC-00487

FAYETTE COUNTY

Hon. Jon Kerry Blackwood, Judge

(Aggravated Burglary; Theft of Property over $1000; Attempted Theft of Property over $1000)

For the Appellant:

**Shana C. McCoy-Johnson**
Senior Asst. Public Defender
Post Office Box 700
Somerville, TN 38068-0700

**Gary F. Antrican**
District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth T. Ryan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Elizabeth T. Rice**
District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

AFFIRMED IN PART; REVERSED AND VACATED IN PART

**David G. Hayes**
Judge

# OPINION

The appellant, Paul Edward Epps, appeals the verdict of a Fayette County jury finding him guilty of one count of aggravated burglary, one count of theft of property over $1000, and attempted theft of property over $1000.[1] For these crimes, the appellant was sentenced, as a range II offender, to seven years for aggravated burglary, four years for theft over $1000, and three years for attempted theft. These sentences were ordered to be served concurrently with each other but consecutive to a prior outstanding sentence. The appellant's sole issue on appeal is whether the evidence presented at trial is sufficient to support his convictions on these charges.

After a review of the record, the judgment for attempted theft is vacated and dismissed. The judgments of conviction for aggravated burglary and theft of property over $1000 are affirmed.

## Background

On February 20, 1997, shortly before 1:00 p.m., Elizabeth Franklin, accompanied by her son, left her residence located at 1530 Franklin Road in Moscow. The two, after grocery shopping, returned to the house at 3:00 p.m. Upon entering the kitchen, Mrs. Franklin noticed that there was a chair sitting by the refrigerator, there were three pistol cartridges lying on the floor, and several empty drink cans were scattered over the floor. Fearing that she had been burglarized,

---

[1]The indictment charged the appellant and his co-defendant with three counts of aggravated burglary, one count of theft of property over $1000, one count of theft of property over $500 and one count of attempted theft of property over $1000. The appellant's co-defendant, Michael E. Craig, pled guilty to all of the indicted offenses prior to the appellant's trial.

2

Mrs. Franklin proceeded to her bedroom where she discovered that her .38 pistol was missing from her dresser drawer. Further investigation revealed that the perpetrator(s) had also taken a .20 gauge shotgun, a .38 long barrel pistol, and a Winchester rifle. There was evidence that the burglars had also attempted to steal Mrs. Franklin's 1972 Ford automobile, which "was in good running condition." The automobile was parked "under the shed" on the Franklin premises. Mrs. Franklin and her son discovered that the perpetrators had entered the residence by breaking a window and pulling the screen up. The burglars apparently pushed the screen back down when they left to conceal their entry.

That same day, between 2:30 and 3:00 p.m., Percy Henderson, a neighbor, saw two men walking up the road "a little piece from [Mrs. Franklin's] house." He identified the two men as the appellant and his co-defendant, Michael Craig. The two men asked Mr. Henderson for a ride to Will Smith's home. En route, the men asked Mr. Henderson if he was interested in a "new .38." Mr. Henderson declined their offer. At trial, he testified that he did not see any weapons on either the appellant or Craig.

As a result of their investigation, the Fayette County Sheriff's Department discovered an abandoned house where the appellant and Craig were living. Although the two suspects attempted to elude the police, authorities eventually apprehended both men. On February 24, 1997, Investigator Don Pugh questioned co-defendant Craig about various burglaries in the area. After waiving his rights, Michael Craig provided a statement accepting responsibility for the burglary and theft committed at Mrs. Franklin's residence. In so doing, Craig implicated the appellant as his accomplice in the crimes.[2] At trial, however, Craig could not recall involving the appellant in the crimes in his statement to authorities. Rather, he

---

[2]The trial court instructed the jury that Craig's prior inconsistent statement could not be considered as substantive evidence. See State v. Reece, 637 S.W.2d 858, 861 (Tenn. 1982); See also Tenn. R. Evid. 613.

stated that he alone committed the crimes. Indeed, although Craig stated that he and the appellant were lifelong friends and cousins, he testified that "me and Paul never did nothing together." He explained the inconsistency between his trial testimony and his statement to Investigator Pugh by stating that he was under the influence of drugs at the time of the statement and he would have said anything to get out of jail.

Investigator Pugh rebutted the testimony of Michael Craig by stating that, at the time of Craig's statement, Craig did not appear under the influence of any drug or other intoxicant. He further stated that two distinctive sets of footprints had been found at the Franklin residence. One set of tracks was identified as belonging to Michael Craig.

Based upon this evidence, the jury returned guilty verdicts as to one count of aggravated burglary, one count of theft of property over $1000, and one count of attempted theft of property over $1000.[3]

**Analysis**

Although the appellant does not dispute the fact that the State's proof established the elements of aggravated burglary, theft, and attempted theft, he argues that the proof fails to establish his involvement as the perpetrator of these crimes. See Tenn. Code Ann. 39-14-401, -402, -403 (1997); Tenn. Code Ann. § 39-14-103, -105(3) (1997); Tenn. Code Ann. § 39-12-101 (1997). Specifically, he argues that no evidence was presented, other than his presence in the area of the

---

[3]Evidence was also introduced at trial establishing that co-defendant Craig participated in two other related burglaries of the homes of Ben Wilson and Larry Carpenter. However, the trial court granted the appellant's motion for judgment of acquittal, finding that there was no corroboration of Craig's later recanted statement implicating the appellant in these offenses. Accordingly, the trial court dismissed two counts of aggravated burglary and one count of theft over $500.

4

crimes, to show that he entered the home of Mrs. Franklin or stole or attempted to take items belonging to her.

Initially, a defendant is cloaked with the presumption of innocence. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). However, a jury conviction removes this presumption of innocence and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient. Id. In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). It is the appellate court's duty to affirm the conviction if the evidence viewed under these standards was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Before an accused may be convicted of a criminal offense based only upon circumstantial evidence, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant." State v. Crawford, 225 Tenn. 478, 470 S.W.2d 610, 612 (Tenn.1971).

In sum, the proof before the jury implicating the appellant consisted of:

(1) The offenses occurred between 1:00 p.m. and 3:00 p.m;
(2) Although Michael Craig stated at trial that he acted alone, Investigator Pugh discovered two distinctive sets of footprints at the Franklin residence, revealing that more than one person participated in the commission of the offenses;
(3)  Between 2:30 and 3:00 p.m., Percy Henderson picked up both the appellant and Michael Craig a short distance from Mrs. Franklin's home; and

5

(4) Henderson stated that the two men asked him if he was interested in a "new .38," the same type weapon stolen from the Franklin residence.

Based upon this proof, we find the evidence sufficient from which a rational trier of fact could have found the appellant's guilt beyond a reasonable doubt as to the offenses of theft of property and aggravated burglary. Tenn. R. App. P. 13. This issue is without merit.

However, after further review of the facts of this case, we conclude that the appellant's conviction and accompanying sentence for attempted theft must be reversed and vacated. Although not raised in the trial court, we find, as plain error, that the appellant's convictions for both theft and attempted theft violate principles of double jeopardy. See Tenn. R. Crim. P. 52(b); State v. Ogle, 666 S.W.2d 58, 60 (Tenn. 1984). Specifically, the proof established that the offenses of theft and attempted theft arose from a single criminal episode, involved the property of one victim, and both occurred at the same location.

The issue of multiple punishments arising from a single criminal episode was addressed by our supreme court in State v. Phillips, 924 S.W.2d 662 (Tenn. 1996). To determine whether offenses are multiplicitous, several general principals must be considered:

1. A single offense may not be divided into separate parts; generally, a single wrongful act may not furnish the basis for more than one criminal prosecution;

2. If each offense charged requires proof of a fact not required in proving the other, the offenses are not multiplicitous; and

3. Where time and location separate and distinguish the commission of the offenses, the offenses cannot be said to have arisen out of a single wrongful act.

6

Id. at 665.  Additional factors such as the nature of the act; the time elapsed between the alleged conduct; the intent of the accused, *i.e.*, was a new intent formed; and cumulative punishment may be considered for guidance in determining whether the multiple convictions violate double jeopardy.  Id.

Again, the conduct at issue involves the theft of property and attempted theft of property from the premises of Elizabeth Franklin.  There is no dispute that the four weapons taken from inside the home and the automobile, parked under the shed, were the property of Elizabeth Franklin.  Where several articles are stolen from the same owner at the same time and place, only a single crime is committed.  See  52A C.J.S. *Larceny* § 53 (1968); see also Nelson v. State, 344 S.W.2d 540, 542 (Tenn. 1960);People v. Timmons, 599 N.E.2d 162, 165 (Ill. App. 2 Dist. 1992); Holt v. State, 383 N.E.2d 467, 472 (Ind. App. 1978).  Cf.  State v. Byrd, 968 S.W.2d 290 (Tenn. 1998) (holding that theft offenses may be aggregated into one single charge when the separate larcenous acts are from the same location, and pursuant to a continuing criminal impulse); State v. Lewis, 958 S.W.2d 736, 739 (Tenn. 1997) (holding that act of setting apartment building on fire was single action and double jeopardy prohibits separate convictions for each apartment destroyed).  Whether the acts of the defendant constitute several thefts or one single crime must be determined by the facts and circumstances of each case.  Id.  If each taking is the result of a separate intent, each is a separate crime; however, where the takings are all pursuant to a single intent, there is but a single larceny.  Id.  See also Phillips, 924 S.W.2d at 665.  It is of no consequence whether the taking is completed, or, but, a mere attempt.  See  Dellenbach v. State, 508 N.E.2d 1309, 1314 (Ind. App. 3 Div. 1987). Cf. AMERICAN LAW INSTITUTE, MODEL PENAL CODE § 223.1(2)(c) & Comment (1980).

Applying these principles to the case *sub judice*, we cannot conclude that the appellant's actions were independently motivated.  Rather, the theft and the

7

attempted theft arose from a single intent to steal, were contiguous in time and place, and involved the same victim. Accordingly, only one offense was committed and only one conviction may stand. We acknowledge, however, that had the State charged and the jury convicted the appellant of the burglary of Mrs. Franklin's automobile, Tenn. Code Ann. § 39-14-402(a)(4) (1996 Supp.), double jeopardy would not have barred such a conviction.

The judgment and sentence upon the charge of attempted theft is, therefore, vacated and dismissed. This cause is remanded to the trial court solely for the purpose of permitting the court to amend its minutes and accompanying judgments of conviction to reflect the same. In all other respects, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
L. T. LAFFERTY, Special Judge

8