# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 10, 2012

## STATE OF TENNESSEE v. COLE WOODARD

**Appeal from the Criminal Court for Shelby County**
**No. 11-01335     John Fowlkes, Jr., Judge**

---

**No. W2011-02224-CCA-R3-CD  - Filed September 17, 2012**

---

The Defendant-Appellant, Cole Woodard, was convicted by a Shelby County jury of sale of cocaine, possession of cocaine with intent to sell, and possession of cocaine with intent to deliver, Class C felonies, and was sentenced as a Range II, multiple offender to three concurrent sentences of ten years.  On appeal, Woodard argues that:  (1) the evidence is insufficient to support his convictions and (2) his convictions violate principles of double jeopardy.  Upon review, we affirm the convictions, but we vacate the judgments and remand the case for entry of judgments reflecting merger of the jury verdicts into a single conviction for sale of cocaine.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court**
**Vacated and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Stephen C. Bush, District Public Defender; Barry W. Kuhn, Assistant Public Defender, Memphis, Tennessee, for the Defendant-Appellant, Cole Woodard.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jose F. Leon, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## FACTUAL BACKGROUND

Woodard was charged in two indictments for the two October 19, 2010, drug transactions.  In indictment number 11-01334, Woodard was charged with three offenses,

sale of cocaine, possession of cocaine with intent to sell, and possession of cocaine with intent to deliver, which occurred between 2:00 p.m. and 3:00 p.m. on October 19, 2010. In indictment number 11-01335, Woodard was charged with the same three offenses, sale of cocaine, possession of cocaine with intent to sell, and possession of cocaine with intent to deliver, which occurred between 3:30 p.m. and 4:30 p.m. on October 19, 2010.

**Trial**. Officer SirCease Brooks of the Memphis Police Department, testified that he bought crack cocaine from Woodard on two separate occasions on October 19, 2010. He identified Woodard at trial. Officer Brooks said that he was sent to the area of 211 Leath Street to purchase drugs. After driving to the area in his car, Officer Brooks gave a hand signal asking if anyone had any drugs to sell, and Woodard approached his car and asked him what he wanted to purchase. Officer Brooks told Woodard that he "want[ed] a twenty dollar rock" of crack cocaine. Woodard got into Officer Brooks's car and asked him to drive around the block. Woodard pulled out a bag from his front pocket containing "five or six . . . twenty dollar rocks" before giving Officer Brooks one of the rocks. Officer Brooks complained to Woodard that the rock was "kind of small[,]" but he accepted it. Officer Brooks gave Woodard twenty dollars and told him that he "might be back within a couple of hours[.]" After dropping off Woodard in the area where he had picked him up, Officer Brooks placed the rock of crack cocaine in a separate bag and labeled it with his undercover number, the date, location, and type of the drug before hiding it in a compartment in his car.

Officer Brooks made a another drug buy in a different area before returning to the 211 Leath Street area "about two or three hours" later. He saw Woodard, and Woodard again got into his car. Woodard asked him if he wanted to purchase another twenty dollar rock of crack cocaine, and Officer Brooks responded affirmatively. Officer Brooks told him that he had to split the first rock with some other individuals and that he was purchasing the second rock to smoke himself. Woodard gave him another rock of crack cocaine, slightly larger than the first one he had purchased, from the bag in his front pocket and took the twenty dollars from Officer Brooks before exiting the car. After dropping off Woodard, Officer Brooks placed the rock in a separate bag and labeled it before hiding it in the compartment in his car.

At the end of the day, Officer Brooks placed all of these bags containing drugs in a secured lock box. He explained that he made five drugs buys on October 19, 2010, and had five bags labeled one through five, which represented his first, second, third, fourth, and fifth drug buys that day. Each time he purchase drugs on October 19, 2010, he placed the drugs into the appropriately labeled bag. Officer Brooks stated that his third and fifth drug buys on October 19, 2010, involved Woodard.

Officer Brooks later identified Woodard in a photograph lineup. He said he made two recordings of the second drug buy with Woodard on October 19, 2010, both of which were

played for the jury. Officer Brooks said he was unable to make any recordings of the first drug buy with Woodard because he "didn't have enough time to turn on the camera on the passenger side" of his car before Woodard entered his vehicle. However, for the second drug buy, Officer Brooks made two recordings, one that contained audio of the conversation between him and Woodard and one that contained video of Woodard and audio of their conversation. After Woodard exited the car on the second drug buy, Officer Brooks placed the rock of crack cocaine into the bag and dictated the time of the drug transaction on the recordings.

Officer Jonathon Clapp, an evidence custodian for the Memphis Police Department, testified that he retrieved from the evidence lock box the two substances that Officer Brooks purchased from Woodard on October 19, 2010. He stated that he was the only officer to have a key to that lock box. Based on his training, Officer Clapp stated that the two substances purchased from Woodard on October 19, 2010, appeared to be cocaine.

Billy Byrd, another evidence custodian with the Memphis Police Department, picked up the two envelopes containing the substances that Officer Brooks purchased from Woodard on October 19, 2010. He then transported them to the Tennessee Bureau of Investigation (TBI) for testing.

Agent Brock Sain, a forensic scientist with the TBI, was declared an expert in the fields of forensic science and identification of controlled substances. Agent Sain said he tested the two substances that Officer Brooks purchased from Woodard on October 19, 2010. He determined that the first substance tested positive for cocaine and weighed .10 grams and that the second substance tested positive for cocaine and weighed .14 grams.

Woodard declined to testify at trial, and no proof was offered by the defense. Following the close of proof and deliberations, the jury acquitted Woodard of the charges in indictment number 11-01334 but convicted Woodard of sale of cocaine, possession of cocaine with intent to sell, and possession of cocaine with intent to deliver in indictment number 11-01335.

## ANALYSIS

**I. Sufficiency of the Evidence.** Woodard argues that the evidence is insufficient to support his convictions. Specifically, he claims that "[t]here is no testimony that states whether the events depicted in the video (Exhibit 4) refer to indictment 11-01335 . . . , which contains the charges upon which the appellant was found guilty . . . , or events that would pertain to indictment number 11-01334 . . . , which contain the charges of which the

-3-

appellant was acquitted[.]" We disagree and conclude that the evidence is sufficient to support his convictions.

The State, on appeal, is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support a finding by the trier of fact of guilt beyond a reasonable doubt." Guilt may be found beyond a reasonable doubt in a case where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961)).

The trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). When reviewing issues regarding the sufficiency of the evidence, this court shall not "reweigh or reevaluate the evidence." Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). This court has often stated that "[a] guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." Bland, 958 S.W.2d at 659. A guilty verdict also "removes the presumption of innocence and replaces it with a presumption of guilt, and the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Id. (citing State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982)).

Tennessee Code Annotated section 39-17-417(a) provides, in pertinent part:

It is an offense for a defendant to knowingly:

(1) Manufacture a controlled substance;

(2) Deliver a controlled substance;

(3) Sell a controlled substance; or

(4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

-4-

T.C.A. § 39-17-417(a). Cocaine is classified as a Schedule II controlled substance. Id. § 39-17-408. A violation of Tennessee Code Annotated section 39-17-417(a) involving less than .5 grams of cocaine constitutes a Class C felony. Id. § 39-17-417(c)(2)(A).

We conclude that the evidence, viewed in the light most favorable to the State, is sufficient to support Woodard's convictions in indictment number 11-01335. Officer Brooks testified that he purchased crack cocaine from Woodard on two separate occasions on October 19, 2010. He bought one rock of crack cocaine from Woodard before returning "two to three hours" later to buy a second rock of crack cocaine from him. At trial, Officer Brooks identified Woodard as the individual who sold him the two rocks of crack cocaine on October 19, 2010, during his third and fifth drug buys. In addition, Officer Brooks stated that he made two recordings of the second drug buy with Woodard, both of which were played for the jury. Officer Brooks stated that he was unable to make a recording of the first drug buy with Woodard, which resulted in the charges in indictment number 11-01334. However, he made audio and video recordings of the second drug buy with Woodard, which resulted in the charges in indictment number 11-01335. Agent Sain testified that the substance from the first drug buy with Woodard tested positive for cocaine and weighed .10 grams and that the substance from the second drug buy with Woodard tested positive for cocaine and weighed .14 grams. After hearing all of the evidence presented at trial, the jury acquitted Woodard of the offenses in indictment number 11-01334 and convicted him of the offenses in indictment number 11-01335. We note that the audio portions of both of the recordings from the second drug buy were identical, and Officer Brooks clearly dictated the time immediately before and after the second drug buy onto the recordings. We conclude that the evidence clearly established that the recordings in Exhibit 4 depicted the second drug buy with Woodard, as charged in indictment number 11-01335. We further conclude that the evidence, which included Officer Brooks's testimony, the audio and video recordings for the second drug buy, and the test results showing that the substance involved in the second drug buy tested positive for cocaine and weighed .14 grams, is sufficient to support Woodard's convictions.

**II. Double Jeopardy.** Woodard also argues that his dual convictions for possession of cocaine with intent to sell and possession of cocaine with intent to deliver violate principles of double jeopardy because they were supported by the same evidence. See State v. Johnson, 765 S.W.2d 780, 782 (Tenn. Crim. App. 1988) (concluding that double jeopardy barred convictions for possession with intent to sell and possession with intent to deliver when the convictions were supported by the same proof). In response, the State asserts that Woodard waived this issue for failing to include it in his motion for new trial but concedes that the two convictions should be merged.

We agree that Woodard failed to raise this issue is his motion for new trial. Tennessee Rule of Appellate Procedure 3(e) states:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Tenn. R. App. P. 3(e) (emphasis added). However, the State's argument that Woodard's issue is waived is misplaced. By its explicit terms, Rule 3(e) operates as a waiver of only those issues in which a new trial is the remedy for the error. A new trial is not the remedy for a double jeopardy error; instead, a reversal of the conviction and a dismissal of the relevant charge or a merger of the two counts that violate double jeopardy are the proper remedies. See State v. Addison, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997) (concluding that both dismissal of the charge and merger of the same offense counts into one judgment of conviction are appropriate remedies when the convictions violate a defendant's right against double jeopardy). Consequently, we may address Woodard's double jeopardy issue on its merits, despite his failure to include the issue in his motion for new trial. See id.

Moreover, multiple convictions that violate double jeopardy constitute "plain error." See Tenn. R. App. P. 36(b) (stating that "[w]hen necessary to do substantial justice, [this] court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal"); State v. Epps, 989 S.W.2d 742, 745 (Tenn. Crim. App. 1998) (finding, "as plain error, that the appellant's convictions for both theft and attempted theft violate principles of double jeopardy").

We note that the double jeopardy clause of the United States Constitution and article I, section 10 of the Tennessee Constitution prohibit placing a individual in jeopardy twice for the same offense. U.S. Const. amend. V; Tenn. Const. art I, § 10. Three fundamental protections are encompassed in the principle of double jeopardy: "(1) protection against a second prosecution after an acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offense." State v. Thompson, 285 S.W.3d 840, 847 (Tenn. 2009) (citations and internal quotation marks omitted). In this case, we are concerned with the third category of double jeopardy protection, multiple punishments for the same offense, or multiplicity.

"Multiplicity concerns the division of conduct into discrete offenses, creating several offenses out of a single offense." State v. Phillips, 924 S.W.2d 662, 665 (Tenn. 1996) (footnote omitted). Although Phillips was a sex-offense case, the principles in that case have been adjusted and applied to other types of criminal offenses. Epps, 989 S.W.2d at 745 (Tenn. Crim. App. 1998). This court, when examining an issue regarding multiplicity, is guided by the following principles:

> 1. A single offense may not be divided into separate parts; generally, a single wrongful act may not furnish the basis for more than one criminal prosecution;
>
> 2. If each offense charged requires proof of a fact not required in proving the other, the offenses are not multiplicitous; and
>
> 3. Where time and location separate and distinguish the commission of the offenses, the offenses cannot be said to have arisen out of a single wrongful act.

Id. at 745 (quoting Phillips, 924 S.W.2d at 665). Other considerations regarding multiplicity are "the nature of the act; the time elapsed between the alleged conduct; the intent of the accused, i.e., was a new intent formed; and cumulative punishment . . . ." Id.

Here, the evidence of the three crimes is the exactly the same. All of these offenses all occurred at the same time, in the same drug transaction, at the same place, and involved the same drugs. See State v. Chitwood, 735 S.W.2d 741, 742 (Tenn. Crim. App. 1987) (concluding that double jeopardy did not bar convictions for sale of cocaine in one location and possession of cocaine stored in a different location); State v. Jose D. Holmes, No. 02C01-9411-CR-00251, 1995 WL 695127, at *3 (Tenn. Crim. App. Aug. 24, 1994) (holding that double jeopardy did not prohibit convictions for sale of cocaine to a confidential information and possession with intent to sell cocaine found in a later search of the defendant's vehicle when the convictions involved "distinct quantities of cocaine"), perm. app. denied (Tenn. Apr. 8, 1996); State v. Walter Jones, No. 02C01-9307-CR-00155, 1994 WL 456347, at *3 (Tenn. Crim. App. Aug. 24, 1994) (concluding that double jeopardy did not bar convictions for sale of cocaine and possession of cocaine with intent to sell when the evidence showed "two separate crimes with two distinct quantities of cocaine"), perm. app. denied (Tenn. Jan. 3, 1995). No time elapsed between Woodard's possession with intent to sell, his possession of cocaine with intent to deliver, and his actual sale of cocaine. Woodard's intent in each of these offenses was the same.

Given the specific facts of this case, we conclude that Woodard's multiple convictions for sale of cocaine, possession of cocaine with intent to sell, and possession of cocaine with intent to deliver violate the principles of double jeopardy. See State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981) (noting that it is "impossible to conceive of a situation where a defendant could sell narcotics without being in possession, at least constructively, of those narcotics" before concluding that double jeopardy barred dual convictions for sale of a controlled substance and possession with intent to sell the same controlled substance); State v. Federick Hobson, No. 2010-01766-CCA-R3-CD, 2011 WL 4375329, at *9 (Tenn. Crim. App. Sept. 21, 2011) (holding that double jeopardy prohibited convictions for sale of cocaine, possession with intent to sell, and possession with intent to deliver when the convictions were based upon the same cocaine), perm. app. denied (Tenn. Feb. 15, 2012); State v. Artez L. Moreis, No. W2002-00474-CCA-R3-CD, 2003 WL 1860537, at *4 (Tenn. Crim. App. Apr. 2, 2003) (stating that three convictions for sale of cocaine, possession of cocaine with intent to sell, and possession of cocaine with intent to deliver "based upon a single drug sale involving the same controlled substance violate double jeopardy"), perm. app. denied (Tenn. Dec. 8, 2003).

The trial court should have merged the jury's guilty verdicts for these three offenses into a single conviction for sale of cocaine. See State v. Howard, 30 S.W.3d 271, 274 n.4 (Tenn. 2000) (holding that when a jury convicts a defendant of multiple counts regarding the same offense the trial court can avoid a violation of double jeopardy by merging the offenses into a single judgment of conviction); Addison, 973 S.W.2d at 267 (concluding that trial courts should "merg[e] the same offense counts into one judgment of conviction" in order to avoid a double jeopardy violation). Accordingly, we affirm the convictions, but we vacate the judgments and remand the case for entry of judgments reflecting merger of the jury verdicts into a single conviction for sale of cocaine.

## CONCLUSION

Upon review, we affirm Woodard's convictions, but we vacate the judgments and remand the case for entry of judgments reflecting merger of the jury verdicts into a single conviction for sale of cocaine.

_____
CAMILLE R. McMULLEN, JUDGE

-8-