RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0075p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
———————————

CURTIS KELLER,

                *Petitioner-Appellant*,

    *v.*

KEVIN GENOVESE, Warden,

                *Respondent-Appellee*.

No. 21-6037

———————————

Appeal from the United States District Court for the Western District of Tennessee at Memphis.
No. 2:18-cv-02542—Mark S. Norris Sr., District Judge.

Argued: March 8, 2023

Decided and Filed: April 17, 2023

Before: SUTTON, Chief Judge; SILER and MATHIS, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** Daniel G. Randolph, COVINGTON & BURLING LLP, Washington, D.C., for Appellant. Michael M. Stahl, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee. **ON BRIEF:** Daniel G. Randolph, Michael L. Rosenthal, COVINGTON & BURLING LLP, Washington, D.C., for Appellant. Michael M. Stahl, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

———————————

## OPINION

———————————

MATHIS, Circuit Judge. Curtis Keller, currently serving a 210-year sentence after a jury convicted him of numerous violent felonies, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Keller seeks relief on a double-jeopardy claim. But because Keller, by his own concession, procedurally defaulted his double-jeopardy claim by

failing to raise it before the state trial court in a motion for new trial, we affirm the denial of his petition.

I.

On May 26, 2010, Keller and at least two accomplices broke into a house occupied by Andrew Morrow, Tamika Jones, and Jones's two minor children in Shelby County, Tennessee. Keller threatened Morrow, Jones, and one child with a gun while demanding money. One assailant repeatedly struck Morrow in the head and then all the assailants ransacked the house. One child hid and called 911. Law enforcement arrived at the residence and apprehended Keller. Keller explained to law enforcement that he robbed the house to recover money from a previous drug transaction with Morrow.

A Tennessee grand jury indicted Keller, charging him with one count of attempted especially aggravated robbery (of Morrow), one count of especially aggravated burglary, one count of employing a firearm during the commission of a dangerous felony, two counts of especially aggravated kidnapping (of a child and Jones), three counts of aggravated assault (of a child, Jones, and Morrow), and one count of being a felon in possession of a handgun. After the State dismissed the felon in possession count, Keller was tried before a Shelby County Criminal Court jury and found guilty of the other eight counts. The trial court imposed an effective sentence of 240 years' imprisonment.

On March 21, 2012, Keller filed a motion for new trial. In the motion, Keller raised several challenges to his convictions and sentence but did not raise a double-jeopardy claim. The trial court denied the motion.

Keller appealed his conviction and sentence to the Tennessee Court of Criminal Appeals. For the first time on appeal, Keller argued his convictions violated the Double Jeopardy Clause. Rather than the de novo review that would typically apply to a preserved double-jeopardy claim, Keller conceded that his double-jeopardy claim was only entitled to plain-error review. Keller argued that under *Blockburger v. United States*, 284 U.S. 299 (1932), his convictions for attempted especially aggravated robbery and aggravated assault of Morrow were for the same offense, requiring that the aggravated assault charge be dismissed. Further, Keller argued that

under the *State v. Denton*, 938 S.W.2d 373 (Tenn. 1996), factors[1], all of his convictions should have merged into a single conviction for aggravated robbery of Morrow.  The Tennessee Court of Criminal Appeals rejected Keller's double-jeopardy claim.  *State v. Keller*, No. W2012-00825, 2013 WL 3329032, at *6–7 (Tenn. Crim. App. June 27, 2013).  The court found that Keller waived his double-jeopardy claim by not raising it in his motion for new trial as required by Tennessee's procedural rules, and the court further observed that Keller had acknowledged the waiver.  *Id.* at *6.  Considering Keller's double-jeopardy claim under plain-error review, the Tennessee Court of Criminal Appeals held that "the defendant's double jeopardy claim fail[ed] under either the prior *Denton* standard or the current *Blockberger* [sic] standard."[2]  *Id.* at *7.  The Tennessee Court of Criminal Appeals denied Keller's petition for rehearing and the Tennessee Supreme Court denied Keller's application for permission to appeal.

After unsuccessfully seeking post-conviction relief in state court, Keller filed a federal habeas petition.  Keller raised eleven grounds for relief, only one of which remains at issue—his double-jeopardy claim.  The district court denied Keller's petition.  Regarding the double-jeopardy claim, the district court held that the Tennessee Court of Criminal Appeal's determination that the double-jeopardy claim was waived under Tennessee's procedural rules was an independent and adequate state law ground that barred federal habeas review.  This court issued a certificate of appealability to decide whether Keller's "convictions and sentences for both attempted especially aggravated robbery and aggravated assault violated due process and double jeopardy."

When a district court denies a state prisoner's petition for habeas corpus, we review the district court's legal conclusions and answers to mixed questions of law and fact de novo. *Pouncy v. Palmer*, 846 F.3d 144, 158 (6th Cir. 2017).

---

[1]In *State v. Watkins*, 362 S.W.3d 530 (Tenn. 2012), the Tennessee Supreme Court abrogated *Denton*.

[2]The Tennessee Court of Criminal Appeals reduced Keller's sentence from 240 years to 210 years based on separate challenges raised by Keller unrelated to this appeal.

II.

Before we can address the merits of Keller's double-jeopardy claim, we must consider whether the claim is procedurally defaulted. Generally, a state prisoner can only obtain federal habeas relief if the prisoner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To that end, we "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted). This principle is commonly referred to as the adequate and independent state ground doctrine, and it applies to procedural and substantive state rules. *Walker v. Martin*, 562 U.S. 307, 315–16 (2011). As we have explained, a federal habeas claim is procedurally defaulted if:

> (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc) (quoting *Tolliver v. Sheets*, 594 F.3d 900, 927 n.11 (6th Cir. 2010)). Because Keller failed to comply with a state procedural rule and because that rule is an adequate and independent ground for denying review of his double-jeopardy claim, the district court did not err in denying his federal habeas petition.

A.

The Tennessee Supreme Court "has the inherent power to promulgate rules governing the practice and procedure of" Tennessee state courts. *State v. Mallard*, 40 S.W.3d 473, 481 (Tenn. 2001); Tenn. Code Ann. § 16-3-401. To that end, the Tennessee Supreme Court has adopted the Tennessee Rules of Appellate Procedure, which govern proceedings before Tennessee's appellate courts. Tenn. R. App. P. 1.

Tennessee Rule of Appellate Procedure 3(e) provides, in pertinent part:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or

occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

As the Tennessee Supreme Court has explained, "[i]t has long been the rule . . . that in order to preserve errors for appeal, the appellant must first bring the alleged errors to the attention of the trial court in a motion for new trial." *Fahey v. Eldridge*, 46 S.W.3d 138, 141 (Tenn. 2001) (citing *Memphis St. Ry. Co. v. Johnson*, 88 S.W. 169, 170–71 (Tenn. 1905)). Rule 3(e) codifies this longstanding practice. The purpose of Rule 3(e) is to define potential issues for appeal and require appellants to raise each issue before the trial court so the trial court has the opportunity to review and remedy errors prior to appeal. *See id.* at 141–42.

A criminal defendant waives issues raised in the Tennessee Court of Criminal Appeals that were not included in the defendant's motion for new trial. *State v. Hatcher*, 310 S.W.3d 788, 808 (Tenn. 2010). But, when "necessary to do substantial justice," Tennessee appellate courts can consider waived issues for plain error. *State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000); Tenn. R. App. P. 36(b).

A double-jeopardy claim is an issue that must be preserved in a motion for new trial or it is waived and thus only subject to plain-error review on appeal. *State v. Harbison*, 539 S.W.3d 149, 164 (Tenn. 2018); *State v. Epps*, 989 S.W.2d 742, 745 (Tenn. Crim. App. 1998).

It is undisputed that Keller failed to raise his double-jeopardy claim in the motion for new trial he filed after the jury convicted him. Yet, Keller argues that the plain language of Rule 3(e) did not require him to raise his double-jeopardy claim in his motion for new trial. But we are bound by Tennessee courts' interpretation of their own rules. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) (citations omitted). And Tennessee courts have construed Rule 3(e) to require that defendants raise double-jeopardy claims in motions for new trials to preserve such claims for appellate review. Keller recognized that he waived his double-jeopardy claim on appeal to the Tennessee Court of Criminal Appeals because he sought only plain-error review; he even cited *Epps*, which reviewed a double-jeopardy claim for plain error because the defendant did not raise the claim before the trial court.

Keller failed to comply with a state procedural rule. We still must decide whether the rule is an adequate and independent ground to deny review of his double-jeopardy claim.

B.

The parties do not dispute that Rule 3(e) is independent of Keller's double-jeopardy claim. We must thus determine whether the rule is adequate. For a state procedural law to be "adequate," the rule must be "firmly established and regularly followed." *Martin*, 562 U.S. at 316 (quoting *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009)). To determine whether a state procedural rule is firmly established and regularly followed, we look to the state law construing the state rule at the time when the petitioner allegedly defaulted. *Hutchison v. Bell*, 303 F.3d 720, 737 (6th Cir. 2002) (quoting *Ford v. Georgia*, 498 U.S. 411, 424 (1991)). Additionally, we assess "whether, at the time of the petitioner's actions giving rise to the default, the petitioner 'could not be deemed to have been apprised of [the rule's] existence.'" *Id.* (quoting *Ford*, 498 U.S. at 423). Keller filed his motion for new trial in March 2012. We must assess how Tennessee appellate courts treated double-jeopardy claims at or before that time.

A review of Tennessee caselaw leading up to when Keller filed his motion for new trial reveals two contrasting lines of cases. On one side, there are multiple cases holding that double-jeopardy claims must be raised in a motion for new trial or else they are waived under Rule 3(e). *See State v. Berry*, No. 915, 1991 WL 68989, at *3 (Tenn. Crim. App. Apr. 30, 1991); *State v. Green*, No. W2003-01176, 2004 WL 286743, at *4 (Tenn. Crim. App. Feb. 12, 2004); *State v. Anthony*, No. W2004-00255, 2004 WL 2848380, at *3 (Tenn. Crim. App. Dec. 10, 2004); *State v. Culver*, No. W2004-00376, 2005 WL 1683499, at *4 (Tenn. Crim. App. July 19, 2005); *State v. Dile*, No. M2008-00389, 2009 WL 3031257, at *11 (Tenn. Crim App. Sept. 24, 2009); *State v. Paulson*, No. E2007-02621, 2009 WL 3047004, at *3–4 (Tenn. Crim. App. Sept. 24, 2009). One clear example is *Berry*. There, the court opined:

> The state has pointed out in its appellate brief, and accurately so, that the defendant did not include this double-jeopardy issue in her motion for new trial. An issue such as this must be specified in the motion for new trial. If not so specified it is waived for purposes of appellate review; this issue is, therefore, waived.

*Id*. at \*3 (citing *State v. Durham*, 614 S.W.2d 815 (Tenn. Crim. App. 1981); Tenn. R. App. P. 3(e)).

On the other side, a different line of cases holds that defendants do not need to raise issues in a motion for new trial to preserve them for appeal if the resolution of the issues in the defendant's favor would result in a dismissal, not a new trial. *See, e.g.*, *State v. Keel*, 882 S.W.2d 410, 416 (Tenn. Ct. App. 1994); *State v. Williams*, 675 S.W.2d 499, 501 (Tenn. Crim. App. 1984); *Durham*, 614 S.W.2d at 816 n.1. Courts have applied this reasoning numerous times with courts holding that a double-jeopardy claim is not waived even though a defendant did not raise the issue in a motion for new trial. *See State v. Harris*, No. W2003-01911, 2004 WL 1765532, at \*6 (Tenn. Crim. App. Aug. 4, 2004); *State v. Gray*, No. M2006-00398, 2007 WL 4547970, at \*5 (Tenn. Crim. App. Dec. 17, 2007); *State v. Williams*, No. W2008-02730, 2010 WL 1172206, at \*4 (Tenn. Crim. App. Mar. 26, 2010); *State v. Sisk*, No. E2009-00320, 2010 WL 3502512, at \*4 (Tenn. Crim. App. Sept. 8, 2010) (rev'd in part on other grounds, 343 S.W.3d 60 (Tenn. 2011)); *State v. Brown*, No. M2009-00505, 2010 WL 4396490, at \*11 (Tenn. Crim. App. Nov. 5, 2010).[3] The *Sisk* court reasoned:

> Relief from a double jeopardy violation . . . is not a new trial but a dismissal of the offending charges. . . . In consequence, the defendant's failure to raise the [double jeopardy] issue in his motion for new trial does not result in waiver of the issue. The defendant has raised the issue on appeal, and that is sufficient to secure plenary review.

*Sisk*, 2010 WL 3502512, at \*4.

We know now that the Tennessee Supreme Court resolved any conflict between the two lines of cases in 2018 in *Harbison*. Looking back to 2012, however, a criminal defendant may have reasonably concluded that Rule 3(e) did not require him to raise a double-jeopardy claim in a motion for new trial. But Keller did not so conclude. Instead, he conceded in his brief to the

---

[3]It is worth noting that the Tennessee Court of Criminal Appeals has also made similar statements in dicta in other opinions. *See State v. Barlow*, No. W2008-01128, 2010 WL 1687772, at \*12 (Tenn. Crim. App. Apr. 26, 2010) ("Rule 3(e) operates as a waiver of only those issues in which a new trial is the remedy for the error. A new trial is not the remedy for a double jeopardy error[.]"); *State v. Tipton*, No. E2009-02676, 2011 WL 4790945, at \*6 (Tenn. Crim. App. Oct. 11, 2011) (similar).

Tennessee Court of Criminal Appeals that he was only entitled to plain-error review on his double-jeopardy claim.

We hold that a state procedural rule is adequate when a federal habeas petitioner concedes on direct appeal in state court that the petitioner's failure to comply with the rule limits review of the claim to plain-error review. Courts should not allow a habeas petitioner to admit in state court that a state procedural rule precludes him from obtaining review of an alleged violation of federal law and then, while seeking federal habeas relief, assert he was confused about the rule's application.

The Seventh Circuit took a similar approach under similar circumstances in *Miranda v. Leibach*, 394 F.3d 984 (7th Cir. 2005). There, after a state jury convicted the habeas petitioner of first-degree murder, the petitioner raised a Fourth Amendment claim on direct appeal while admitting he had not preserved the issue in his motion for new trial. *Id.* at 989. The court found that where a petitioner conceded before the state court that he had waived the merits of his claim due to failure to comply with a procedural rule, that concession remained effective upon seeking habeas relief and amounted to a concession that the state procedural rule was adequate. *Id.* at 996–97. *Miranda* reasoned that the adequacy doctrine is intended to guard against irregular or unexpected applications of state procedural rules when used to prevent review of a federal constitutional claim. *Id.* at 995. A petitioner "cannot claim to be the surprised victim of an infrequent, unexpected, or freakish application of the [state procedural] rule when he conceded waiver and did not invoke any exception that would have permitted more than plain-error review." *Id.* at 996–97.

When Keller conceded that he was only entitled to plain-error review and cited a case that confirmed that a defendant waives a double-jeopardy claim by failing to raise the claim in a motion for new trial, he acknowledged that he was "apprised" of Rule 3(e) and its implications for failing to raise the double-jeopardy claim in his motion for new trial. *See Hutchison*, 303 F.3d at 737. The Tennessee Court of Criminal Appeals likewise found that Keller waived the claim and applied plain-error review. *Keller*, 2013 WL 3329032, at *6–7. Keller cannot now successfully argue that he did not waive his double-jeopardy claim. Keller recognized that his claim was procedurally barred in state court and should have pressed any exceptions to the

applicability of Rule 3(e) at that time. Therefore, the district court did not err in finding that Rule 3(e) was an adequate and independent ground for denying review of Keller's double-jeopardy claim.

One last point: Keller does not attribute his default to deficient performance by counsel, either at trial or on direct appeal. As a result, we need not decide whether ineffective assistance of counsel gives us "cause" to overlook Keller's default, *see Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), or offers Keller an alternative path to habeas relief.

III.

For the aforementioned reasons, we **AFFIRM** the district court's judgment.